Frank Bookout v. The State.

No. 7513. Decided October 31, 1923.

1.—Manufacturing Intoxicating Liquor—Continuance.

Where, upon trial of manufacturing intoxicating liquor, defendant presented his first application for continuance and it showed due diligence, and that the absent testimony was material to the defense, although he testified to the same fact, etc., the same should have been granted, especially where the motion for a new trial was accompanied by proper affidavits.

2.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the case was one of circumstantial evidence a charge on that phase of the law should have been submitted.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Johnson & Waters* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Bowie County of a felony, and his punishment fixed at one year in the penitentiary.

Appellant was indicted on July 29th, arrested on August 4th, and his case called for trial August 10th. A continuance was asked because of the absence of appellant's father, J. D. Bookout, and of appellant's wife. Process was issued for both of said witnesses on the 9th of August and was returned duly served on Mrs. Bookout but with a showing by the sheriff that J. D. Bookout was out of the county and had gone to Paris, Texas. Said application for continuance stated the illness of Mrs. Bookout which prevented her from attending court and supported that proposition by the accompanying certificate of a physician who certified that she was ill and could not come. Appellant's motion for new trial, based in part on the refusal of said continuance, was accompanied by the affidavit of J. D. Bookout, father of appellant, who stated that he left home before he knew of the indictment of appellant and that he, therefore, could not know of the fact of the pending trial and that had he known of same he would have been present. His testimony in

line with that stated in the application for continuance as expected from him, was set forth in said affidavit. In solving the question as to whether the trial court has abused his discretion in the refusal of an application for continuance and in the overruling of a subsequent motion for new trial on that ground, the testimony of the absent witness or witnesses and that given upon the trial, may be looked to.

For the State two officers testified that on a certain date they went down into a pasture belonging to and controlled by appellant's father, J. D. Bookout, and at a certain point they came upon appellant who, as they state, was stirring the contents of a bucket seemingly containing a paste that looked like flour and water. When they commanded him to throw his hands up, they said he tried to get a pistol which was about his person. Upon going up to him they discovered two women near by, one of whom was appellant's wife and the other his cousin. They also admitted that appellant told them that he had come up on the still accidently and that some men ran away from it when he came up. Appellant's cousin, a woman, testified that she had gone down in the pasture in question with appellant and his wife from the home of appellant's father, and that before leaving the house appellant's father handed to him a pistol belonging to appellant which appellant's father said he had been trying to fix. This witness further testified as they were walking through the pasture they found a still and that as they were talking about it the officers appeared and arrested the appellant. Appellant himself gave testimony in line with the above, saying that he did not know the still was there and that when they approached it some men ran away and that he saw something in a bucket which excited his curiosity and that he was poking it with a stick when the officers appeared and arrested him. He stated that the pistol had by him at that time was handed him by his father when he left the house; that it was his and his father had been trying to mend it. It was averred in the application for continuance that Mrs. Bookout, the wife of appellant, if present, would have testified to the same things.

This was the first application for continuance. The witness had been served with process. Her absence on account of sickness was satisfactorily shown and there can be no question but that her testimony was material to the defense. Juries are not apt to accord to one charged with crime entire credibility in his statement exculpating himself from the charge. Aside from the testimony of appellant, the only witness he had present to corroborate him was his cousin. If his wife had been present she would have corroborated both. We think the case should have been postponed or continued to give the accused an opportunity to obtain said testimony.

We are also of opinion that the application for Mr. Bookout, Sr. showed diligence and that his testimony was material, and his absence being satisfactorily explained upon the hypothesis that he left home before the indictment was returned and had no opportunity to learn of the pending trial in time to appear and give testimony, especially when accompanied by his affidavit setting forth his evidence, should also have caused the granting of a new trial.

Appellant asked for a charge on circumstantiol evidence which was refused, and this action of the court is made the subject of a bill of exceptions. In our opinion the case was one of circumstantial evidence and the charge should have been given. Appellant was present where there was a still upon which the manufactur of intoxicating liquor was in progress. The only thing he was seen to do was to stir some white looking paste in a bucket. He denied connection with the still. It is true that the still was in the pasture of appelalnt's father and that the white looking paste might have been plaster of Paris or other substance used for stopping air passages around the place where the worm entered the boiler, and these together with the actions of the appellant in attempting to draw a pistol might have led a jury to conclude that his testimony and that of his witnesses did not speak the truth, but this would not justify the court in not submitting the law applicable to the case as made by its facts.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*