B. H. Belson v. The State.

No. 8192.   Decided March 26, 1924.

1.—Manufacturing Intoxicating Liquor—Evidence—Declarations by Defendant—Res Gestae.

Where, upon trial of manufacturing intoxicating liquor, the officers went to an outhouse in which the still was located and under control of defendant, and there was evidence that he disuaded them from searching the same, but when the officers found certain implements for manufacturing whisky, etc., they exclaimed: "Here it is, boys," and the appellant spontaneously remarked, "It's hard luck; you've got me," this declaration was admissible as res gestae.

2.—Same—Rule Stated—Res Gestae.

To become a part of the res gestae, precise concurrence with the act upon trial is not demanded. It is enough if they spring from it and the circumstances preclude the idea of design. Following: Neyland v. State, 13 Texas Crim. App., 536.

3.—Same—Evidence—Circumstantial Evidence—Charge of Court.

Upon trial of manufacturing intoxicating liquor no direct evidence showed that the defendant manufactured the whisky, although circumstances would support such an inference. The declaration of defendant to the officers was not so unequivocal as to bring the case within the pervue of one resting alone upon direct evidence, and the court should have charged on circumstantial evidence as requested.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of unlawfully maufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Nat Llewellyn* and *Frank Oltorf*, for appellant.—On question of admitting defendant's declaration: Dekle v. State, 257 S. W. Rep., 882; Fuller v. State, 95 id., 541.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

Several officer, possessed of a search-warrant, searched the premises of the appellant. He was present and made no objection to the search. On the premises there was found a fluid which the appellant said was "home-made wine that he had made in case of sickness." The officer said that it was "choc beer" and there were a number of bottles of it. Whether it was intoxicating or not is not revealed. Nothing further of a criminating nature was found in the dwelling. A search was then made of an out-house, and upon the request of the officers, appellant produced the key thereto. In this out-house there was found a still. When the door was opened and the still discovered, the officer said, "Here it is, boys", and the appellant hung his head and said, "It's hard luck, you've got me." The still was connected and warm, though it was empty. On the premises was a liquid which the officers pronounced as whisky, though the quantity was not stated.

The circumstances show that the appellant was in custody. Objection to the receipt in evidence of his declaration was made and overruled. Whether the appellant had manufactured the intoxicating liquor was a question of fact to be deduced from the circumstances. The facts in evidence so connected the appellant with the transaction that if a jury under proper instruction had found him guilty of manufacturing whisky, adequate evidence would not have been wanting to support the verdict. The equipment for manufacturing such liquor was upon his premises and under his control; so was the out-house in which the still was located and the key to which was in his possession. There was evidence that he endeavored to dissuade the officers from searching the out-house, declaring that it contained tools and nothing else. The boiler of the still, though empty, was warm. There was mash present suitable for the manufacture of whisky; there was a stove with fuel at hand; there was the manufactured product. When these things were discovered, the officer exclaimed, "Here it is, boys". The appellant spontaneously remarked: "It is hard luck, you've got me." In the opinion of this court, this declaration was admissible under the res gestae rule. If the appellant had said that the still was not his and that the whisky had been made by another, the court would not have been warranted in refusing to receive it, because such a statement would have been so closely connected with the transaction as to characterize it as res

gestae. In Copeland's case, 94 Texas Crim. Rep., 113, a still was found in operation with two brothers present. One of them said that the still was his; that his brother had no interest in it. They were tried separately. The brother offered this declaration and the trial court rejected it. This court held it admissible, citing several leading cases supporting the conclusion. See Bell v. State, 94 Texas Crim. Rep., 266. In many decisions and text-books, an abstract statement of the rule of res gestae is made. The difficulties arise in applying it, and the precedents in this court reflect its liberal rather than the strict interpretation. See Wharton's Crim. Ev., Vol. 1, Sec. 262, p. 491; also p. 502. To become a part of the res gestae, precise concurrence with the act upon trial is not demanded. It is enough if they spring from it and the circumstances preclude the idea of design. Wharton's Crim. Ev., Vol. 2, Sec. 691; Neyland v. State, 13 Texas Crim. App., 536. A narration of past events, however, is not within the rule. Wharton's Crim. Ev., Vol. 1, Sec. 264. It is often difficult to differentiate between a statement to be rejected as a confession without warning and a statement admissible as res gestae. This matter is discussed at some length in Powers v. State, 23 Texas Crim. App., 66, and in Calloway v. State, 92 Texas Crim. Rep., 516. In the present case, that difficulty does not seem to arise. The declarations proved appear to have been coincident with the discovery of the evidence of crime and to spring out of it within the meaning of the rule. There are many cases involving violations of the law prohibiting the manufacture and traffic of intoxicating liquor in which the rule has been applied. It is believed that the conclusion here stated is in accord with them. See Berry v. State, 83 Texas Crim. Rep., 210; White v. State, 83 Texas Crim. Rep., 555; Broz v. State, 93 Texas Crim. Rep., 187; Bell v. State, 92 Texas Crim. Rep., 343.

We have perceived no direct evidence that the appellant manufactured the whisky. As stated before in this opinion, there are circumstances which would support such an inference. The declaration of the appellant was not so unequivocal as to bring the case within the purview of one resting alone upon direct evidence. Branch's Crim. Law, Secs. 202, 203, and cases cited; Gentry v. State, 41 Texas Crim. Rep., 497; Bloch v. State, (on motion for rehearing), 81 Texas Crim. Rep., 8.

Both by an exception to the main charge and to the requested charge, the court's attention was directed to the fact that the case was one in which the jury should be instructed upon the law of circumstantial evidence. In refusing to conform his charge to this view, it is believed that the learned trial judge committed error which requires a reversal of the judgment, and it is so ordered.

*Reversed and remanded.*