RICHARD WARD v. THE STATE.

No. 9180.     Delivered June 3, 1925.

Possession of a Still—Charge of Court—On Circumstantial Evidence—Refusal, Error.

The correct rule governing charge on circumstantial evidence is, that if the main fact is proven as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. The failure of the court to instruct the jury on the law of circumstantial evidence in this case necessitates a reversal.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for unlawful possession of a still; penalty, one year in the penitentiary.

The opinion states the case.

*Adams & Moore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was jointly indicted with Dan Ward on an indictment containing two counts, the first being for the unlawful manufacture of intoxicating liquor and the second count being for the unlawful possession of a still for the manufacture of intoxicating liquor.

The defendant Richard Ward was tried and found guilty on the second count of the indictment, and his punishment assessed at confinement in the penitentiary for a term of one year.

The only eye witness to the transaction was Edgar Young, who testified that he was eighteen years of age and knew the defendant Richard Ward, and also knew Dan Ward, and that about the 17th

of August, of that year, he saw Dan and Richard Ward; that Dan Ward was at his still which was down in Richard Ward's pasture; that this still was about two hundred and fifty yards from Richard Ward's house and that he saw Richard Ward in his cow pen which was some twenty yards from the still. Witness testified that the still could not be seen from where he was at the time that he saw Richard; that he didn't see Richard go to the still and that Richard was not at the still when he saw him; that the still was in a pine thicket; that he saw Dan Ward cooking whiskey in an oil drum that had a pipe connected with it. Witness further testified that he saw Dan Ward the same evening at Sacul, but that he never saw Richard Ward; that he saw Dan with a gallon of whiskey in a jug and saw him sell some of it to Jess Spencer; that at the time the sale was made, Dan Ward was not at Richard's house and was at the house of Isaih Sessions. This witness fails to testify to any fact that in any manner directly connects Richard Ward with either the possession of the still or the manufacture of the whiskey. The sheriff and one of his deputies and the constable testified for the State, the full substance of their testimony being to the effect that they found a piece of iron pipe about an inch in diameter and about ten or eleven feet long and a trough, and that the trough was on the ground near where there was a bed of coals, and the pipe was about thirty feet from that place; that these were about two hundred yards from Richard Ward's house. In an opposite direction some distance from Richard's house they found a thirty gallon drum. These officers each testified that Richard claimed at the very time of the finding of this paraphernalia, that it belonged to Dan Ward, and that Richard told them that Dan had been making whiskey with it a few days before that. They also testified to searching Richard Ward's house and admitted their failure to find any whiskey of any kind or anything out of which whiskey might have been made in the house of this appellant.

Under these facts, the appellant properly excepted to the court's failure to charge on circumstantial evidence and cited as error in this court, the trial court's failure to do so. We think appellant's contention in this respect is well founded. Bookout v. State, 255 S. W. 441.

The correct rule is that if the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. The main fact to be proved in this case was did the appellant Richard Ward possess a still for the purpose of manufacturing intoxicating liquor. That this fact if proved at all was proved as a matter of inference from other facts in evidence in the case, and the case rests wholly upon circumstantial evidence. Branch's P. C., page 1341.

Appellant seriously contends that the evidence is insufficient to support the verdict in this case, but as the testimony may be different on another trial of the case we pretermit a discussion of this matter.

For the court's error in refusing to charge on circumstantial evidence, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.