### C. A. BERRY V. THE STATE.

No. 10072.    Delivered April 14, 1926.

**Manufacturing Intoxicating Liquor—Circumstantial Evidence—Charge On— Improperly Required.**

Where, on a trial for manufacturing intoxicating liquor, the evidence disclosed that officers discovered a still in operation in some woods; that appellant was present at the still, and was seen to chunk the fire. The

further evidence of his connection with the still was shown, and the court was in error in refusing a charge on circumstantial evidence, and the error was not cured by the charge on principals. Following Ellsworth v. State, 92 Texas Crim. Rep., 336.

Appeal from the District Court of Ellis County. Tried below before the Hon. W. L. Harding, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Calloway, Dalton & Calloway* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Ellis County of manufacturing intoxicating liquor, punishment one year in the penitentiary.

Officers looking for a still observed smoke arising from a wooded locality. They divided into two groups and approached the place. Three of them testified. All agreed that there were two men at the place where a still in operation was found. It was in a little clearing surrounded by thick brush. Two of the officers said as they worked their way through the thicket and got near the place, they could hear men laughing and talking; it was drizzling rain and as they got near enough to see, two men appeared to be trying to shelter themselves under trees, one of whom walked over to the still. There were five barrels of mash, and some brush between the officers and the parties. They said the man who walked over to the still was appellant and that he stooped over and went through some motions and seemed to them to be chunking fire. The officers stepped out in the path and with pistols presented ordered the two men to stick up their hands, and they testified that the two men fled, the officers shooting at them as they ran away. Appellant was struck by a bullet and fell and was captured. He made no statement at the time. One officer in the other group testified that as they approached the place they saw appellant go towards the still and saw a heavier smoke arise about the time he got there. In addition to the still in operation, quite a quantity of material and whiskey was found at the place.

The charge of the court was excepted to for failure to submit the issue of circumstantial evidence. A special charge on this theory was presented which does not seem to us to be correct.

We are not able to agree with the learned trial judge in his refusal to give in charge to the jury the law applicable to a case of circumstantial evidence. Appellant testified that he was squirrel hunting in the bottom and came across this still, and that a man was there whom he did not know. That he leaned his gun against a tree and engaged the man in a conversation, and that while he was present the officers made their raid and arrested him. He denied having any connection with the other man, the apparatus, liquor, etc. The court charged the jury that the mere presence of the accused at the place would not be sufficient, but in our opinion the guilt of the accused was an inference only deducible from the circumstances testified to by the officers. The land on which the still was found did not belong to appellant, nor was he ever seen in possession of any of the material, paraphernalia or manufactured product at any other time or place. No sale by him was in testimony. No act of his further than that it might be inferred from the testimony of the officers that he was chunking the fire, that he was present and that he tried to escape from the officers, seems in the record. Appellant was corroborated on the proposition that not very long before the arrest he was seen by several people with his gun going toward the woods and that he told said parties he was going squirrel hunting. We think the refusal of the court to submit the law of circumstantial evidence such error as to call for reversal. Bookout v. State, 95 Texas Crim. Rep., 562; Daniel v. State, 95 Texas Crim. Rep. 649. The court correctly submitted the case on the theory of principals, but we have held that in such case if the facts demand it there should be a charge on circumstantial evidence. Ellsworth v. State, 92 Texas Crim. Rep., 336.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*