## C. A. TAIT V. THE STATE.

No. 10058.   Delivered February 23, 1927.

Rehearing denied May 11, 1927.

**1.—Murder—Evidence—Objections To—Rule Stated.**

Where a bill of exception complains of the admission or rejection of evidence, on appeal this court will consider only such objections as appear in the bill. An objection presented in appellant's brief, but which does not appear in the bill of exception cannot be considered, for the reason that the trial judge was not given an opportunity to pass upon such objection when the testimony was received, or rejected, upon the trial.

**2.—Same—Evidence—Declarations of Deceased—Res Gestae.**

Where a witness heard the shots and went to the place of the homicide, a declaration of the deceased, "My God, why did you shoot me," made at the time to the appellant and in the presence of appellant, was a res gestae statement, and properly admitted.

**3.—Same—Evidence—Opinion of Witness—Properly Excluded.**

Where, on a trial for murder, the mother of appellant, being an eye-witness, had testified that just before the homicide she saw deceased advancing on appellant, and said to him, "Oh, Pearl, don't shoot," there was no error in refusing to permit said witness to further testify that the reason for so exclaiming to deceased, was that she supposed he was trying to pull his gun. The rejected matter was an opinion, formed long after the making of the statement by the witness to the deceased.

**4.—Same—Bill of Exception—Incomplete—Rule Stated.**

Unless a bill of exception sets out sufficient surrounding facts or circumstances which will disclose the materiality or admissibility of the evidence which was rejected, this court is unable to appraise such bill.

**5.—Same—Argument of Counsel—Error Cured by Charge of Court.**

Where counsel for the state in his argument to the jury stated in substance, that life was cheap in Texas, and that murders must be stopped, and on objection being made, the court sustained the objection and gave a written charge to the jury not to consider same, the error in making the statement was cured by the charge given.

ON REHEARING.

**6.—Same—Bill of Exception—Objection to Evidence—How Construed.**

It is well settled as the rule that where an objection is made to proffered testimony, part of which is admissible, and part of which would be inadmissible, as against a particular objection, that a specific objection must be urged to that part claimed to be inadmissible, and that a general objection to the whole of said testimony is insufficient. See Note 9 under Art. 667, Vernon's C. C. P., Vol. 2, and Branch's Ann. Tex. P. C., Sec. 211.

Appeal from the District Court of Grayson County. Tried below the Hon. Silas Hare, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

This is the second appeal. See 260 S. W. 584. The facts are sufficiently stated in the former opinion.

*C. B. Randell*, and *Head, Dillard, Maxey & Head* of Sherman, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is the second appeal. See 260 S. W. 584. The facts are sufficiently stated in the former opinion. The conviction is for murder, penalty ten years in the penitentiary.

We discuss the errors in the order in which same appear in appellant's brief. We are confused by the brief which refers to assignments of error instead of to bills of exception, and in our opinion will refer only to said bills of exception.

Bill No. 1 sets out that the witness Brinkley swore to a statement made by deceased a short time after being shot, to the effect that he came to see his mother and appellant shot him. This was held to be res gestæ in our former opinion, and became part of the law of the case. In his brief herein appellant insists that said statement was objectionable because violative of the rule rejecting testimony of undisclosed motive on the part of the person slain in being at the place where he was shot. If said objection had been made in the court below, so that the attention of the learned trial judge could have been drawn to same when he made his ruling, there might be a different proposition before us, but examining the bill we find that no such objection was then made. Trial courts rule on questions presented to them and we revise or uphold their rulings in the light in which the matter was presented.

On the former trial objections substantially the same as on this, were made to the testimony of Sheriff Craig, Dr. McElhannon, and Dr. Gunby. The complaints were considered and disposed of in our former opinion by holding the testimony res gestæ.

In addition to the above, complaint is now made of testimony given by witness Jacobs, who said that before the arrival of Sheriff Craig and the doctors, deceased said, "My God, why did you shoot me?" The bill sets out that the witness heard the shots and went down to the scene, and when he got there appel-

lant was in his yard and deceased was in his lot on the ground. How close the parties were to each other is not set out, nor is it stated to whom the remark of deceased was addressed. No surroundings or antecedent facts appear. The bill presents no error. The statement was res gestæ.

Appellant's mother was in the house near where the shooting occurred. She testified on a habeas corpus hearing, and being dead at the time of this trial, her testimony as formerly given was reproduced on behalf of appellant. She detailed seeing deceased, Pearl Rudasill, approaching the house on horseback, said she heard appellant tell him three times to go back, saw deceased come on toward the house, and said that he threw his hand back this way (indicating by moving her hand down toward her side), at which time she said, "Oh, Pearl, don't shoot." Appellant desired to read from her habeas corpus testimony a question as follows: "How came you to say, 'Oh, Pearl, don't shoot?'" Also her answer, "Why, when he put his hand back there I supposed he was trying to pull his gun," but objection being made by the state, the question and answer were not admitted. We are of opinion the court was correct. The witness had detailed the facts causing her to make the statement to deceased not to shoot. The rejected matter was an opinion formed and expressed long after the making of the statement by the witness to deceased, and there appears no effort on the part of the state to cast any doubt on the fact of deceased having made such statement. Appellant was in no sense attempting to introduce some other related statement made at or about the time the statement already noticed which shed light on such statement. See Dunne v. State, 263 S. W. 612. We think all of Art. 728, 1925 C. C. P., must be looked to in construing the last clause thereof. When one party introduces the criminative acts or statements of another, such other has the right to fully explain same.

The matters set out in bill of exception No. 5 are open to a number of objections, but it is sufficient to say that the testimony called for was hearsay and appears immaterial to any issue in this case.

Bill of exception No. 6 wholly fails to inform this court as to the surrounding facts or circumstances which might make material or admissible the statement which was rejected.

Bill of exception No. 7, calling for the admission of the testimony of appellant's wife as to movements of the brothers of deceased some time before this homicide, which testimony was

rejected, presents no error. Substantially the same rule is applicable to the testimony involving the same principle which appears in bill of exception No. 8.

Our State's Attorney objects to the consideration of the testimony set out in bill of exceptions No. 9 on the ground that same is in question and answer form. We think the contention is sound.

What was said by appellant to his attorney, and by the latter communicated to "the Rudasills" would appear hearsay and self-serving, and the court property sustained the objection thereto.

The expression of state's counsel in substance that life was cheap in Texas and that murders must be stopped, being objected to, the court gave a written charge to the jury not to consider same. We do not regard such remarks of that character as would lead us to conclude the error in the making of same could not be cured by the charge given.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The statement appearing in bill of exception No. 1, being what the witness Brinkley related as having been said to him by deceased, is "I came out to see my mother and he (appellant) told me to stop, and I was turning to leave and he shot me." Appellant makes an ingenious argument in his motion for rehearing insisting that although no objection was interposed on the ground that the statement showed a motive for deceased's presence which was undisclosed to appellant, yet that his objection to the testimony because it was "hearsay" was sufficient. Appellant's principal argument proceeds as though the words "I came out to see my mother" were standing out alone and disconnected from the remainder of the statement. It is not contended that the balance of the statement would be inadmissible, it being res gestæ. The words now claimed to be especially objectionable cannot be separated from the remainder of the statement but the whole must be taken together in appraising objections appearing in the bill. It is well settled that in order to make available an objection to proffered testimony, part of which is admissible and part of which would be inadmissible as against a particular objection, that the specific objection must be urged to that part claimed to be inadmissible, and that a general objection to the whole of such testimony is insufficient. (For collated authorities see

Note 49 under Art. 667, Vernon's C. C. P., Vol. 2, and Branch's Ann. Tex. P. C., Sec. 211.)

We feel impelled to adhere to our former holding that the objection urged did not call attention of the trial court to the point now made, viz.: that a part of the statement showed an undisclosed motive for deceased's visit.

The motion for rehearing is overruled.          *Overruled.*

Morrow, P. J., not sitting.