## Boss Littleton v. The State.

No. 11708. Delivered May 30, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is manufacturing spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume, the punishment confinement in the penitentiary for one year.

Appellant was discovered by officers in a thicket near some large stone jars containing beer. Shortly prior to his arrest appellant had been engaged in placing caps on bottles, which contained beer. The officers testified that they didn't know who manufactured the beer. There was no evidence that the liquor was being manufactured at the time of appellant's arrest. On the contrary, the record discloses that the act of manufacturing the liquor had been completed by someone before appellant's connection with the beer had been discovered. Appellant testified that he had no connection with the liquor, other than to cap the bottles for Paul James after James had filled them with beer. He denied that he manufactured the beer, and stated that he did not know when it was manufactured, was not present when it was manufactured, and had no interest in the liquor whatever.

The court failed to submit an instruction covering the law of circumstantial evidence. A special charge on the subject was timely presented by appellant and by the court refused. We have perceived no direct evidence that appellant manufactured the beer. Where the main fact is proved as a matter of inference from other facts in the evidence the case rests wholly, in a legal sense, upon circumstantial evidence. Branch's Ann. P. C. of Texas, Sec. 1873; Belson v. State, 260 S. W. 197. Appellant's act in capping the beer bottles, standing alone, was not sufficient to relieve the court of the duty of charging on the law of circumstantial evidence.

We do not deem it necessary to discuss the error of the court in failing to give an affirmative instruction covering the defensive theory raised by appellant's evidence. Should another trial be had the defensive theory should be submitted in an affirmative manner.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.