## J. W. Filpot v. The State.

No. 13090.   Delivered March 12, 1930.
Reported in 26 S. W. (2d) 202.

The opinion states the case.

*Williams & Bell* of Childress and *Jack Deahl* of Wellington, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for eighteen months.

Appellant's car was in front of a filling station. Officers drove to within six or eight feet of the car and stopped. They testified that they detected the odor of whiskey in the car. Going into the filling station, they found appellant and two or three other men, one of which gave his name as Brown. The officers testified that there was a jar of whiskey in the room; that appellant's pants leg was wet with some liquid that smelled like whiskey; that they asked appellant's permission to search the car and appellant told them to go right ahead; that they searched the car and found several gallons of whiskey in it.

Appellant and his witness LaGrand testified that they could smell no odor of whiskey in the house or automobile; and that there was no whiskey on appellant's pants leg, but that he had poured some water on his pants. In short, appellant and his witnesses controverted the existence of the facts showing probable cause for the search. Appellant denied that he gave his consent to the search of the car. He said that he said "All right" when the officers told him that they were going to search it. It was appellant's theory that the whiskey in his automobile belonged to Brown. He testified that he had loaned Brown his car and it was in Brown's possession on the occasion of the search. Brown was not used as a witness by either side. Appellant and his witnesses testified that they did not see the officers get any whiskey out of the car.

Appellant timely and properly excepted to the failure of the court to submit to the jury the issue as to whether the facts existed which were claimed by the state to constitute probable cause for the search. The officers had no search warrant. The officers alone testified to finding the whiskey. The issue should have been submitted. Where it becomes an issue as to whether the facts claimed to constitute probable cause existed, the evidence should go to the jury and the issue be submitted for their determination. McPherson v. State, 300 S. W. 936; Weddle v. State, 16 S. W. (2d) 244; Glenniwinkel v. State, 21 S. W. (2d) 514.

Appellant timely and properly objected to the failure of the court to submit a charge covering the law of circumstantial evidence. We are of the opinion that appellant's possession of the whiskey found by the officers in the automobile was inferable alone from the fact that the car belonged to him, and that he paid for filling it with gasoline. He was not seen in possession of the whiskey. He was not seen in the automobile, but, according to his testimony, Brown was in possession of the car at the time the officers made the

search. Ward v. State, 272 S. W. 797; Bookout v. State, 255 S. W. 441.

Paragraph 12 of the court's charge advised the jury, in substance, that if they found from the evidence that Jeff Brown was in possession of the whiskey alleged to have been found in the car and being transported, and that appellant had no knowledge that same was being transported, or possessed for the purpose of sale, they would acquit appellant. Appellant timely and properly objected to the charge in that it authorized the jury to convict him of unlawfully possessing intoxicating liquor for the purpose of sale if they found that he knew that Brown possessed it for the purpose of sale. We think the objection was well taken. The fact alone that appellant may have known that Brown had liquor in appellant's automobile, which Brown possessed for the purpose of sale, would not render appellant a principal in the possession of such liquor for the purpose of sale. We are not holding that if appellant rode with Brown in the automobile, knowing that he was transporting intoxicating liquor, that he would not be guilty as a principal in transporting liquor.

It appears from bill of exception No. 2 that the state proved by the appellant's witness LaGrand that appellant paid for some gasoline that was placed in the automobile shortly before the officers made the search. When appellant was on the witness stand his counsel asked him why he paid for the gasoline. If permitted to answer, appellant would have stated that Brown failed to pay for the gasoline as appellant had expected, and that he thereupon paid for it. It was appellant's contention that Brown had possession of the car. Hence the fact that appellant paid for the gasoline was a circumstance tending to show that appellant, in fact, was in possession of the car at the time, and that the whiskey belonged to him. We are of the opinion that the learned trial judge fell into error in refusing to permit appellant to explain this criminative fact. It seems that when one party introduces criminative facts against another, the other has the right to fully explain same. Tait v. State, 294 S. W. 557; Art. 728, C. C. P.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.