T. E. HUNTER v. THE STATE.

No. 14760.  Delivered March 16, 1932.

The opinion states the case.

*Ira Lawley* and *L. W. Shepperd,* both of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing mash and other equipment for the manufacture of intoxicating liquor; punishment, one year in the penitentiary.

At a former day of this term this case was affirmed. There was no brief on file for appellant, and the transcript contained neither the charge of the court nor exceptions and objections thereto. The clerk of the trial court filed with the clerk of this court a written statement exonerating herself from blame for the condition of the record. Appellant through

a different attorney from the one who represented him upon his trial, has filed his motion for rehearing herein, attaching a supplemental transcript containing an order of the trial court substituting the charge and exceptions thereto, also the substituted charge and exceptions. He also sets up that he relied on his former attorney, and was not aware that the record here was defective until the affirmance of his case. Considering the record as perfected, our former opinion will be withdrawn and the following will be handed down in lieu thereof:

The facts sufficiently show that officers found four barrels sunk partially in the ground, each containing mash made of sugar, rye, chops and water; also a number of empty bottles, cappers, corks, etc., were near by. Appellant was observed engaged in carrying water from a tank and putting same into the barrels. It was in testimony that from such mash intoxicating liquor could be made with proper equipment. Appellant was barefooted and a path manifesting barefoot tracks led from the place to appellant's house some four or five hundred yards away. Near the path, and between the mash barrels and the house, a quantity of whisky was found. Appellant disclaimed ownership, control or possession of the mash and whisky. Apparently the mash, etc. were near a tank on land not shown to belong to appellant nor to be rented or controlled by him. A man named Simmons was present with appellant and was also arrested and put in jail for apparently the same offense. When the officers appeared Simmons ran but appellant did not. After being released from jail it appears that Simmons left the country. It was in testimony that Simmons' health was very bad and that this had affected his mind. Appellant took the stand in his own behalf and admitted that he was dipping up water and pouring it in the barrels when he was arrested. He said he went to the place with Simmons, and that it was the first time he ever saw those barrels, and that he had no interest in them or their contents, and no control over them. He said that Simmons, who was sick, got him to help by putting water in said barrels.

Appellant excepted to the charge of the court for its failure to submit the case on the law of circumstantial evidence. The court should have so charged. Appellant's story may have been false, and the jury have so found, but his guilt was dependent on circumstances. The act of pouring water into the mash barrels, the presence of a path with bare-foot tracks leading from the place toward appellant's house, the finding of whisky between the house and the barrels as well as the finding of the other things set out in the testimony, may furnish a chain of circumstances of sufficient strength to bind appellant, but every man on trial for a violation of law is entitled to be tried according to such law, and one sought to be convicted on circumstantial evidence is entitled to have the charge instruct the jury as to the law applicable in such case, and in a proper case failure to so charge, suitably complained of,

would be reversible error. Bookout v. State, 95 Texas Crim. Rep., 562, 255 S. W., 441; Belson v. State, 97 Texas Crim. Rep., 44, 260 S. W., 197; Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W., 1036; Ward v. State, 100 Texas Crim. Rep., 346, 272 S. W., 797; Berry v. State, 104 Texas Crim. Rep., 114, 282 S. W., 594.

For the failure of the court to submit the law of circumstantial evidence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*