The judgment is affirmed.

*Affirmed.*

ED WARD v. THE STATE.

No. 15720. Delivered April 12, 1933.
Reported in 59 S. W. (2d) 159.

414

[redacted]

The opinion states the case.

*Williford & Williford*, of Fairfield, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still for the manufacture of intoxicating liquor; punishment, one year in the penitentiary.

We have examined the various complaints made by appellant, and are of opinion that none of them show error except the one hereinafter discussed.

Officers located a still, mash, etc., and stationed themselves to see if the parties operating same should appear. Appellant and others came to the place. Appellant was observed to take the tops off two barrels of mash, and, acting with another, to take the still off the furnace, and also to do something with a shovel near the furnace. One witness said appellant brought a sack of fruit jars to the place. Appellant took the stand and testified that he was on his way after a cow and calf that morning and fell in with Ritter who invited him to go by where the still was; that when he got there he simply stood around and looked at it; that he took two covers off two mash barrels at the request of the officers after they came up. He said he did not own the still, or have any control over it, or any interest in the other equipment.

The charge was excepted to for its failure to instruct the law of circumstantial evidence. We think the exception well taken. Appellant was indicted for the possession of the still, barrels, mash, material, and equipment for the manufacture of intoxicating liquor. No one affirmed as a fact that appellant owned, controlled, or possessed the articles found by the officers. No statement of his to that effect was in testimony. The

conclusion that they were in appellant's possession was but an inference from his presence at the scene, and the things the officers testified they saw him do. In section 1873 of his Annotated P. C., Mr. Branch cites many authorities supporting the proposition that when the main fact to be proved is arrived at as an inference from various parts of the testimony, it is necessarily a case of circumstantial evidence. Hunt v. State, 7 Texas App., 212; Harris v. State, 15 Texas App., 638; Riley v. State, 20 Texas App., 105, and Early v. State, 50 Texas Crim. Rep., 344, are cited by Mr. Branch. See, also, Hunter v. State, 47 S. W. (2d) 621.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*