### FRED COX v. STATE.

No. 26,872. March 24, 1954.

*Burt Barr,* Dallas, and *A. G. Henry,* Kaufman, for appellant.

WOODLEY, Judge.

The conviction is for possession of wine and whisky for the purpose of sale. The punishment, which the jury was authorized to enhance because of two previous convictions, was assessed at 60 days in jail and a fine of $750.

Appellant sought to have the jury instructed on the law of circumstantial evidence and contends that a reversal should be ordered because of the failure of the trial court to give such charge.

Appellant acquired title to the 49 acre tract of land searched by the officers by deed dated September 20, 1951. He rendered said land for taxes, and stated to an officer shortly before the search that he had bought the farm and was going to plant vetch and oats on it.

There was a house and barn on the 49 acre tract, and appellant's father R. Cox resided there.

On December 5, 1952, two officers secured a warrant to search "a white frame house and a large red barn that is situated behind the house - - - and all outhouses and automobiles" on or about the 49 acre tract, the affidavit for such search warrant alleging the premises to be "occupied by, in charge of and under the control of R. Cox," and alleging that such premises was a place where alcoholic beverages were unlawfully possessed and sold.

The testimony shows without dispute that R. Cox resided on the 49 acre tract and that appellant did not.

The officers found appellant and his father engaged in feeding cattle some two miles from the 49 acre tract. They accompanied the officers to the premises in question and remained in the officers' car while the search was conducted.

A case of wine and some 13 pints of whisky were found in a box buried in the ground under a shed attached to the barn.

The amount of whisky and wine was sufficient to give rise to the prima facie evidence rule that it was possessed for the purpose of sale. The question raised is therefore confined to whether

the testimony above mentioned may be said to constitute direct evidence that appellant exercised care, control or custody of the liquor found by the officers.

In Filpot v. State, 114 Tex. Cr. Rep. 278, 26 S.W. 2d 202, several gallons of whisky was found in Filpot's automobile which was parked in front of a filling station. In passing upon the failure of the trial court to charge on circumstantial evidence we said:

"We are of the opinion that appellant's possession of the whisky found by the officers in the automobile was inferable alone from the fact that the car belonged to him, and that he paid for filling it with gasoline. He was not seen in possession of the whisky. He was not seen in the automobile, but, according to his testimony, Brown was in possession of the car at the time the officers made the search. Ward v. State, 100 Tex. Cr. R. 346, 272 S.W. 797; Bookout v. State, 95 Tex. Cr. R. 562, 255 S.W. 441."

In Ward v. State, 100 Tex. Cr. Rep. 346, 272 S.W. 797, the defendant Richard Ward was jointly indicted with Dan Ward for possessing a still. The still was found in the defendant Richard Ward's pasture some 250 yards from his house. He was seen in his cowpen some 20 yards from the still, but the still was in a thicket and could not be seen from the cowpen.

The case against Richard Ward was held to be one of circumstantial evidence, this court saying:

"The correct rule is that, if the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. The main fact to be proved in this case was, Did the appellant Richard Ward possess a still for the purpose of manufacturing intoxicating liquor? And this fact, if proved at all, was proved as a matter of inference from other facts in evidence in the case, and the case rests wholly upon circumstantial evidence. Branch's P.C. 1341."

In Coons v. State, 113 Tex. Cr. Rep. 484, 22 S.W. 2d 459, we said:

"The most that can be said is that the whisky was found buried in a field over which appellant had control. Hence it would appear that the question of possession, that is, the care, control, and management of the whisky, was an inference to

be drawn from circumstances. This being true, the case is necessarily one of circumstantial evidence."

We are constrained to agree that the evidence as to appellant's possession of the wine and whisky was circumstantial rather than direct, and that the trial court erred in failing to so instruct the jury.

The judgment is reversed and the cause is remanded.