RICHARD CAYTON V. STATE

No. 26,922.  April 21, 1954

*Brin & Cate,* and *Barnes & Barnes,* by *W. Newton Barnes,* Terrell, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of wine for the purpose of sale in a dry area; the punishment, 90 days in jail and a fine of $200.00.

Deputy Sheriff Locklin testified that on the night in question he, in company with other officers, arrived at a certain house on the north side of a country road two miles east of Forney; that he called the appellant out on the porch and asked him if he lived there, and the appellant replied that he did. Locklin did not testify that he searched the appellant's house or any outbuilding but did state that he followed a trail 50 or 60 yards out in a cotton patch and there found a sack containing six small 2/5 of a pint bottles of wine and one quart of wine. Locklin stated that the trail seemed to have been used lately but did not testify that it ended at the point where the wine was found.

Officer Smith gave practically the same testimony as Locklin except he stated that the trail ended where they found the wine.

There was no evidence that the appellant exercised any control over the cotton field or that he had ever been seen walking the path in question. The record is silent as to the presence of other houses in the vicinity or their distance from the spot where the wine was found. The record does not show that the appellant occupied the house in question alone.

Recently, in Cox v. State, No. 26,609, 159 Texas Cr. Rep. 542, from the same county, we had a case in which some whiskey was found at the end of a trail which came from the direction of Cox's home. But, in addition to this fact, we had evidence of the location of other houses in the area and their distance from the spot where the whiskey was found. In that case we also had evidence of the serial number on tax stamps found in Cox's home and those found at the end of the trail.

We have concluded that the evidence is not suficient to support the conviction and will therefore not discuss the many questions raised as to the legality of the search warrant or the bills of exception relating to jury argument.

The judgment is reversed and the cause remanded.