**Leport WALTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37784.**

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Saunders & Tunnell, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of wine and whiskey in a dry area for the purpose of sale; the punishment, six months in jail and a fine of $500.00.

The witness Shields, a former employee of the Texas Department of Public Safety, testified that on the day charged in the information, as he was driving his patrol car outside the city limits, he observed two automobiles parked on a dirt road, that he stopped and observed Jack Lacy close the trunk of a Chrysler automobile, asked him where the driver of the other automobile was and was informed that he had gone off across the field. He stated that he looked over "a little bank" and observed the appellant "squatted there in the brush" and subsequently found a large quantity of beer, wine and whiskey near the place where appellant was apprehended. No intoxicants were found in appellant's automobile, but a quantity was found in the automobile driven by Lacy. Shields observed fresh tracks in the damp earth leading from Lacy's automobile to where the intoxicants were found. The intoxicants were labeled by the officers

with Jack Lacy's name and it was further shown that Lacy had plead guilty to the possession of the same intoxicants.

The only serious question presented is the failure of the court to grant appellant's requested charge on circumstantial evidence.

Judge Hawkins in Peters v. State, 142 Tex.Cr.R. 146, 151 S.W.2d 592, stated the rule covering the necessity for giving the charge on circumstantial evidence as follows:

"* * * where the evidence shows an opportunity or equal opportunity of another or others to possess the liquors charged to have been possessed by the accused, the State's case, to be sufficient to convict upon circumstantial evidence must disprove such outstanding hypothesis. Such rule is complied with, however, when the facts show that such other person or persons exercised no control over, or possession of, the liquors, and had no opportunity to do so."

The cases most nearly in point as to the necessity for giving the charge are Wynn v. State, 159 Tex.Cr.R. 300, 263 S.W.2d 566, and Williams v. State, Tex.Cr.App., 263 S.W.2d 776. These are companion cases and we will quote the facts set out in Wynn, supra:

"Appellant was seen to drive an automobile 'behind the house' and back up and drive off. One Williams was in the automobile with him. Some thirty minutes later, the same parties in the same automobile, with appellant driving, were seen to pull into the driveway. The two officers then approached the house from the rear. Williams got out of the automobile, went to the rear door of the south apartment, and was in the act of unlocking the door when the officers appeared. The officers told Willams to unlock the door, which he did. The apartment was vacant and unoccupied. A large quantity of beer

and whisky was found in the bathroom thereof.

"There was evidence that Williams's license to drive an automobile was, at that time, suspended. Other than a showing by the circumstances of possession by Williams of a skeleton key, there is no testimony suggesting who was in possession of the house. There is no testimony as to who was the actual owner of the house. There is an absence of any testimony identifying the ownership of the automobile in which the parties were riding."

It is significant to point out that Williams' case was also reversed for the same reason without setting forth the facts by a unanimous opinion of this Court.

■ "Tracks" standing alone are not sufficient to convict. Cayton v. State, 160 Tex.Cr.R. 31, 267 S.W.2d 143, and Garrett v. State, Tex.Cr.App., 366 S.W.2d 584.

■ Wynn and Williams, supra, require the giving of the requested charge and call for a reversal of this conviction.

For the error pointed out, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

Appellant's contention that the evidence is insufficient to support a finding that appellant exercised any care, custody or control of the wine and whisky, and his contention that he was entitled to a charge on circumstantial evidence are bottomed upon the premise that Jack Lacy was present and could have had exclusive possession of the wine and whisky.

State's witness Shields testified in part: "I was driving down a road, and I saw two cars parked on this little side road, dirt road, and I drove up there, and there was a gentleman standing behind one of the cars with the trunk lid up. I drove up in front of his car and stopped mine, got out of the car and started to walk back there, and when I did, this gentleman closed the

trunk lid. I walked up and started talking to him and asked him where the driver of the other car was. At that time he told me he had run off across the field, and there was bushes and a little bank there, and I stepped up on that bank, and when I looked over the bank is when I saw Leport squatted there in the brush."

"When I first saw him, he was squatted down in some weeds and brush, bushes.

"Q. How close was this to the road?

"A. Approximately thirty-five feet.

    *    *    *    *    *    *

"Q. What, if anything, did you see in the area immediately adjacent to the defendant at the time you first saw him?

"A. When I saw him squatted down there, I got him to get up, and I started looking around, and I found some liquor, wine and beer stacked out there in the brush.

"Q. How far was this from the defendant?

"A. Part of it was about six feet from him.

    *    *    *    *    *    *

"Q. All right, sir. What, if anything, did you see in the area adjacent to the defendant, anything else?

"A. There was some wine in that general area that was in the brush.

"Q. Approximately how far would you say it was situated from where you first saw the defendant?

"A. It was about twenty or twenty-five feet from him.

"Q. Do you recall how much it was?

"A. Not the exact amount.

"Q. Would you say it was a small quantity or a considerable quantity?

"A. It would be a considerable quantity."

    *    *    *    *    *    *

On cross-examination he testified:

"Q. Now, you have testified that there was a gentleman standing with the trunk lid up. Now, who was that?

"A. Jack Lacy.

"Q. And that you never saw Leport any closer than six feet to some whisky, you said, and twenty or twenty-five feet from the remainder of the whisky that you found?

"A. That's where I found him hiding.

"Q. How far did you say it was from the whisky or beer which you have testified about?

"A. Whisky, about six feet.

    *    *    *    *    *    *

"Q. There wasn't anyone exercising any control in your presence over that whisky, was there?

"A. Yes, sir; they were there loading it into the car.

    *    *    *    *    *    *

"Q. * * * There was no one exercising any control or management or possession of this whisky in your presence, was there?

"A. They never did pick it up after I got there * * *.

"Q. All right.

"A. * * * because he could hear us talking there, and he was hiding there * * *

"Q. All right.

"A. * * * but you could see the trail where they had been walking back and forth, carrying that to the car.

"Q. You just presume that that's what happened. You don't know that, do you, Mr. Shields?

"A. I wasn't standing there watching them carry it to the car.

"Q. So you don't know what the little trail was used for then, do you?

"A. Yes, sir; you could tell.

"Q. How do you know?

"A. Because it had rained the night before, and there were fresh tracks.

"Q. I see.

"A. Some was found in the car, and the stash was found across the bank."

The state's proof constituted direct evidence that appellant and Lacy jointly possessed the wine and whisky and there is no evidence to raise the hypothesis that Lacy had exclusive possession of the liquor, part of which was in the car and part at the other end of the trail where appellant was hiding.

I respectfully dissent.