## HOMER PENCE V. THE STATE.

### No. 9677.   Delivered June 15, 1927.

**1.—Transporting Intoxicating Liquor — Search Without Warrant — Rule Stated.**

Appellant's automobile was searched by officers, without a search warrant, and whiskey was found in the car.   The officers testified that he consented to the search.   Appellant's wife testified that he did not consent to the search.   This conflicting testimony presented an issue for the jury to pass upon.

**2.—Same—Continued.**

Appellant presented a special charge submitting the legality of the search to the jury.   This charge was refused.   Its refusal was reversible error.   No issue of "probable cause" for the search was raised by the evidence.   See Odenthal v. State, 106 Tex. Crim. Rep. 1; Sherow v. State, 290 S. W. 754, and Battle v. State, 105 Tex. Crim. Rep. 568.   Also see Art. 727a, C. C. P., 1925.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Davidson, Blalock & Blalock* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The original opinion is withdrawn.   The conviction was for transporting intoxicating liquor, penalty one year in the penitentiary.

From the state's testimony it appears that the appellant was seen in company with a lady driving an automobile upon one of the streets of Marshall; that an officer, after seeing him and after getting a companion, got in his own car and drove out on the road about eight miles where the two observed the appellant and the lady some distance from the road in the act of eating or finishing eating a lunch.   The appellant picked up a board which was nearby and began measuring the wheels of his car, which he stated, when the officers accosted him, were out of line.

Only one officer testified concerning the transaction.   He said that the appellant was told that they would like to search his

car. He asked them if they had a search warrant, and the officers told him that if they were not permitted to look into the car they would take him to the town of Marshall and obtain a search warrant. Appellant then said: "Never mind; go ahead and look in it; it is loaded." He then handed the officer a key with which he opened the car and found it to contain whiskey.

Appellant's wife testified:

"Mr. Pence called for a search warrant and they said: 'We are rangers; we don't need any search warrant.' My husband certainly did demand a search warrant. They searched Mr. Pence's pockets to see if he had a gun and Mr. Pence said the gun was in the car, and they searched Mr. Pence's pockets and brought out a key. Mr. Pence told them the key belonged to the car but he demanded that they not open the back of the car. Mr. Pence said: 'How do we know whether you are a ranger; you might be a hi-jacker.' And then he said: 'If you don't give us that key and let us open that car we will take you all down.' Mr. Pence said: 'Don't open that car without a search warrant.' Mr. Pence never gave them his permission to open that car without a search warrant."

Appellant objected to the evidence of the officers showing the result of the search upon the ground that its receipt was in violation of Art. 727a, C. C. P., 1925, forbidding the receipt in evidence of testimony obtained by an illegal search, that is, a search made contrary to the laws of this state and of the United States.

Appellant requested a special charge, which read as follows:

"You are charged that before an officer may search an automobile for any purpose that said officer must be armed with a search warrant to search that particular automobile, said search warrant having been legally procured. The officer who searched the defendant's car did not have a search warrant. Now, if you believe from the evidence or have a reasonable doubt thereof that the defendant did not give the officers permission to search his automobile but that said officers did search said automobile without the defendant's permission, then and in that event I charge you not to consider the evidence that said car was searched and the evidence that whiskey was found therein for any purpose whatever. And asked the court that the same be given to the jury, which the court refused to do, and the defendant then excepted to the decision of the court refusing to give said instruction, and tenders this bill of exception No. 6, and asks that the same be allowed and filed as a part of the record in this case."

In writing the original opinion, the judgment was affirmed

upon the assumption that Art. 727a, supra, not having been enacted until after the transaction upon which the prosecution was based, was not available to the appellant. A different conclusion was subsequently reached and expressed in several cases. Among them are Odenthal v. State, 290 S. W. 743; Sherow v. State, 290 S. W. 754.

We have also held in the case of Battle v. State, 105 Tex. Crim. Rep. 568, and Odenthal v. State, supra, that the search of an automobile may be made without a search warrant, provided, that in advance of the search the officers are possessed of sufficient facts to amount to "probable cause" as mentioned in Art. 1, Sec. 9, of the Constitution, that is, a reasonable ground of suspicion supported by circumstances sufficient strong in themselves to warrant a cautious man in the belief that the automobile contained intoxicating liquor illegally transported. We have further held that the right to a search warrant or the establishment of "probable cause" might be waived. Hall v. State, 288 S. W. 202.

In the present record, the state's testimony might be sufficient to show a waiver. The appellant's wife, however, testified to a contrary state of facts. The question of waiver, therefore, became a question of fact which should have been submitted to the jury under proper instructions. In our opinion the right to a search and to give testimony of the result of the search depends in the present case upon the question of waiver or consent. For that reason, the special charge stated in bill No. 6 should have been given to the jury. In failing to do so, the learned trial judge committed error which necessitates a reversal of the judgment.

The motion for rehearing is therefore granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*