### CLARENCE HURST v. THE STATE.

No. 11934.   Delivered November 7, 1928.
Rehearing denied January 30, 1929.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of four years.

Nichols, a deputy sheriff, while traveling upon the public road, observed the appellant and one Patterson. The appellant was in an automobile, which was "stalled." The motor was running and Patterson was behind the car pushing it along. It was moving slowly. Nichols, who was also traveling in an automobile, stopped and got out of his car. He observed a fruit jar in the appellant's car containing a. reddish liquid having the appearance of whisky. Appellant put his overcoat over the jar, and replying to the officer's inquiry, said he had nothing in the car. The odor of whisky about the car was noticed by the officer and he announced his intention to look into the car and started in the direction of the rear when the appellant said: . "Wait a minute," and stated that he had come to get a load of whisky but the car broke down; that if the officer would rush on down the road he would catch a load of whisky which was waiting for them. The officer opened the rear of the car and found it to contain twenty-five half-gallon fruit jars full of whisky. Appellant said that the car belonged to him.

Upon cross-examination the officer stated that he had no intention of searching the car before seeing the fruit jar with a liquid

having the appearance of whisky; that upon the suspicion that the car contained whisky he searched it. The officer testified that as soon as he smelled whisky he determined to search the car; that he smelled the whisky about the same time that he saw the jar. He said that he searched the automobile upon the suspicion that it contained intoxicating liquors.

Appellant advances the contention that the facts, particularly the admission of the officer that he *suspicioned* that the car contained intoxicating liquors, precludes the idea that there was probable cause for making the search without a warrant. It has been said that "probable cause" consists of "a reasonable ground of *suspicion,* supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Such is the language of the Supreme Court of this State in the case of Landa v. Obert, 45 Tex. Rep. 539. It has been adopted as the proper definition of "probable cause" in many recent cases. Among them are Battle v. State, 290 S. W. Rep. 762; Odenthal v. State, 290 S. W. Rep. 743. It is a definition of the term "probable cause" according with that of the Supreme Court of the United States contained in Carroll v. United States, 267 U. S. 132, 69 L. Ed. 543.

Appellant insists that the question of "probable cause" should have been submitted to the jury and complains of the refusal of the court to do so. The search having been made without a warrant and the evidence of the officer who made the search being uncontroverted, the existence of "probable cause" was a question of law. Touching the subject, the rule seems general in this state and elsewhere that if in the evidence upon which "probable cause" is based, facts are stated which, in the judgment of the court, constitute "probable cause" and the evidence is not controverted, a jury question touching the existence of "probable cause" does not arise. See Cornelius on Search & Seizure, p. 135, Sec. 33, and notes on pages 136 and 137; McPherson v. State, 300 S. W. Rep. 936. The point is made that the officer who gave the testimony had such interest in the arrest and search as would affect his credibility, and for that reason the jury should have been called upon to determine whether "probable cause" existed. In support of his theory, the appellant cites several cases in which it has been held that the testimony of the accused in a criminal case touching his defensive theory is not conclusive. Hawkins v. State, 270 S. W. Rep. 1025; Carpenter v. State, 286 S. W. Rep. 228. In one of the cases cited there is

quoted from Ruling Case Law, Vol. 28, p. 660, Sec. 245, the following:

"Where a disinterested witness, who is in no way discredited by other evidence, testifies from knowledge to a fact which is not in itself improbable or in conflict with other evidence, the witness is to be believed, and the fact testified to is to be taken as legally established."

This is believed to be a rule applicable in the present instance. The jury, of course, are judges of the credibility of the witnesses, made so by Art. 657, C. C. P., 1925. In the present case the jury were instructed that they were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony, and were further instructed that if they entertained a reasonable doubt as to the defendant's guilt, he should be acquitted. So far as we are aware, there are no precedents requiring an affirmative charge touching the credibility of a witness where the record is bare of impeaching or discrediting evidence.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases the motion upon the proposition that the officer who testified to facts showing "probable cause" for the search was an "interested witness," and therefore the court should have left it to the jury under proper instructions to determine whether probable cause existed. It was stated in the original opinion that the facts testified to by the officer were in no way controverted. No facts were in evidence which in any way questioned the motives or acts of the officer, or which raise any issue as to the existence of the facts stated by him. In such case the question of probable cause was one of law for the court. In addition to the authorities cited in the original opinion see Gordon v. State, (No. 12,104, motion for rehearing overruled January 23, 1929). There is nothing in the record suggesting that the officer was an "interested witness" in the sense claimed by appellant. The only interest discoverable from the record was that of an officer interested in the discharge of his duties in an effort to enforce the law.

The motion for rehearing is overruled.

*Overruled.*