H. M. GORDON, ALIAS WILLIE GORDON v. THE STATE.

No. 12104.   Delivered December 19, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

The arrest of appellant came about in the following way: A deputy sheriff went to the house of one Huckaby to arrest him under a charge by indictment. An auto was parked in front of the house and the officer thinking Huckaby was in the car approached it and asked who it was in the car. Appellant told him it was not any of his damn business. The officer noticed that appellant had been drinking and smelled whiskey on his breath. The officer standing beside the car saw fruit jars in a box which was partly covered.

The officer examined the box and found it contained twelve one-half gallon jars of whiskey. The officer arrested appellant and the man with him. The car belonged to appellant. His companion gave testimony showing that appellant had transported the whiskey along the road to the point of arrest.

It appears from one bill of exception that appellant made a motion requesting the court to withdraw the officer's evidence from the consideration of the jury, the reasons as set out in the bill being that the officer had no search warrant authorizing the search of the car, and that no "probable cause" existed justifying the search in the absence of such warrant. The bill is incomplete in omitting therefrom the evidence sought to be withdrawn; but if it had contained the testimony there would have been no merit in the contention as is evident from the officer's recital of the facts preceding the search and arrest as heretofore detailed. The facts constituted "probable cause" and the officer needed no warrant. Odenthal v. State, 106, Tex. Cr. R. 1, 290 S. W. 743; Hardiway v. State, 2 S. W. (2d) 455 and cases therein cited.

Appellant reserved proper exception to the charge for omitting to submit the issue as to whether "probable cause" existed as a basis for the search, and for not defining "probable cause." There was no occasion in this case for the court to give either of such instructions. The facts detailed by the officer were not controverted. Whether they furnished "probable cause" for the search therefore became a question of law for the court to determine. McPherson v. State, 300 S. W. 936, and cases therein cited.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again considered the matters set up in appellant's motion relative to the alleged insufficience of the facts to show probable cause for the search made by the officers, at the time liquor was found in possession of appellant. The sufficience of such facts, if without contradiction, is for the trial court,—and his decision will be accorded that respect usually given the conclusions reached by trial courts upon such hearing. We are still of opinion that the facts in evidence in this case fully justified the conclusion reached by us originally, viz: that same showed probable cause and justified the search.

The motion for rehearing will be overruled.

*Overruled.*