## BOB McNEAL v. THE STATE.

No. 12498. Delivered May 1, 1929.

534

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawful transportation of intoxicating liquor; penalty, three years in the penitentiary.

No final judgment appears in the record. Without a sentence, which constitutes the final judgment, this Court is without jurisdiction.

The State's motion to dismiss the appeal is granted.

Appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Correction of the record justifies a reinstatement of the appeal, which is accordingly done.

The sheriff of Donley County arrested the appellant and his companion, after which he searched their automobile and found therein a quantity of whisky.

Complaint of the receipt of testimony showing the information given the sheriff by the witness Stallings antecedent to the arrest of the appellant and the search of his car and to like testimony coming from the sheriff touching information preceding, incident to and attending the arrest and search is made in two bills of exceptions which are accompanied by the following qualification which coincides with the evidence set out in the statement of facts:

"On the exception that probable cause had not been shown and before the Court admitted the evidence, the jury was excused and the witness Pierce was then interrogated and stated: 'that before he went out to look for the car he had information from Judge Stallings of Claude that a Chevrolet Coupe with license number 557–637 was coming in that direction and *that the same was loaded to the brim:* that upon this information he went out to meet the car; that he had no search warrant and that when he met the car he stopped and waved the driver to stop; that when he walked up to the car, he told the defendant and his companion that he was an officer and was looking for that car but didn't expect to see them.' Witness further stated that when he got out of his car and walked to the other car he could see the parts of two fruit jar cases with the tops of some jars exposed, the back cushion partially covering parts of the cases, but could not see the cases nor the tops of the jars until after he had stopped the defendant's car and walked up by the side of the same; that he could not see the contents of the jars but could merely see the tops; that he ordered the defendant to open the door and after the door was opened he could detect the odor of whisky, but that no odor of whisky was apparent or capable of detection until the door was opened."

In another bill of exceptions complaint is made of the reception of evidence of the sheriff showing the result of the search of the car.

The proof that the sheriff had received information from the witness Stallings that a Chevrolet·Coach automobile of a particular number was upon a certain public road and was "loaded to the brim" was relevant and competent upon the issue of probable cause justifying the arrest of the accused and the search of his automobile. Among the analogous cases there may be mentioned the following: Mims v. State, 1 S. W. (2d) 303; Plant v. State, 292 S. W. Rep. 550; Peoples v. State, 296 S. W. Rep. 536; Rochelle v. State, 294 S. W. Rep. 861; Battle v. State, 105 Tex. Crim. Rep. 568; Silver v. State, 8 S. W. (2d) 145. In an instance in which the facts upon which reliance is had to establish probable cause are uncontroverted, their sufficiency is a question of law for the court; and under such circumstances. a request of the accused on trial that the jury be retired while the subject of probable cause was investigated should be respected and a refusal to do so might under some circumstances result in a reversal. Such is the ruling of this court in Weddle v. State, (No. 11,710, opinion on motion for re-

hearing) which ruling is in harmony with the consensus of judicial declarations upon the subject, that is to say, "what facts and circumstances amount to probable cause is a question of law; whether they exist in any particular case is a question of fact. Where the facts are in controversy the question must be submitted to the jury under proper instructions." Cornelius on Search & Seizure, p. 135, sec. 33.

The testimony showing that the sheriff had reliable information coming from Judge Stallings that the car in question was "loaded to the brim," coupled with the testimony of the sheriff to the effect that before making any arrest he observed jars and cases in the car and saw certain conditions of the car which he described and which were observed by him before the door was opened, warranted the arrest of the accused and the reception of evidence showing the result of the search of the automobile. See Moore v. State, 107 Tex. Crim. Rep. 24; Mims v. State, 1 S. W. (2d) 303; and other cases cited above.

There being no conflict of controversy touching the facts upon which reliance was had to show probable cause for the arrest and search incident thereto, and no complaint that the jury was present when the testimony was given or request made that the evidence be heard in the absence of the jury and the evidence being sufficient to show probable cause, the court having so decided as a matter of law, we fail to perceive any error in the procedure which would warrant a reversal of the judgment. It is therefore affirmed.

*Affirmed.*