## Frank Powers v. The State.

No. 12440.   Delivered May 29, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*W. E. Devant* and *Wynne & Wynne* of Wells Point, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Cattle theft is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The State's evidence is direct to the effect that four cows under the control of W. J. Rhodes and belonging to his wife, were driven by the appellant and Arthur Carpenter to a barn on the pasture of the appellant's father, upon which pasture the appellant also lived; that one of the cows was taken into the barn and butchered and sold to the witness Hillyer; that before butchering the cow the appellant arranged with Hillyer to sell him the carcass. The father of the appellant testified that when the appellant and Carpenter were driving the animals, the appellant *stated that they belonged to Henry Taylor and were to be butchered for him.* There was evidence that the appellant had previously butchered cattle for Henry Taylor and that a short time before the animal above mentioned was killed a conversation between Taylor and the appellant had been heard in which the appellant was told by Taylor that he wanted the appellant to butcher four head of cattle. As understood by the witness, Taylor said that they were in the pasture or would be put in the pasture. Some time before the trial Taylor had left the country.

A witness testified that about the time of the transaction under investigation a conversation took place between Henry Taylor and the appellant; that Powers wanted Taylor to swear that he had some cattle or that he had put some cattle in Powers' pasture for Frank to butcher and that Taylor refused and said that it would do no good; that he wanted Powers to get out of the country for a while. Taylor said:

"The best thing for you to do is to get out of the country for a while. * * * You stay out of the country a while until we get it straight."

Taylor gave the appellant some money and he left the country. The offense was committed in December, 1925. The appellant was arrested in Kansas in December, 1926.

Appellant offered testimony from the witness Pressler to the effect that in conversation with the witness Henry Taylor, the latter said that he had placed five head of cattle in a pasture and had en-

gaged the appellant to butcher them. This proffered testimony was rejected by the court on the ground that it was hearsay and upon the further ground that it was not in the presence of the appellant.

The case was submitted to the jury upon the law of circumstantial evidence, presumably on the theory that it was upon circumstances alone that the State relied to show the appellant's connection with the original taking of the property. The appellant, through his counsel, takes the position that the case being one in which the State relied upon circumstantial evidence alone, the testimony was admissible under the rule announced in Dubose v. State, 10 Tex. Crim. App. 230; Blocker v. State, 55 Tex. Crim. Rep. 30; Mandosa v. State, 225 S. W. 169, and approved in many other cases, among them Greenwood v. State, 208 S. W. Rep. 663. When the prosecution relies solely upon circumstantial evidence, the confession of another person to the commission of the offense may, under certain circumstances, become admissible. *To the receipt of such hearsay declaration of another that he committed the offense it is essential that his confession, if true, exclude the guilt of the accused on trial.* In the present instance, the purported declaration of Taylor to the witness Pressler is not regarded as coming within the rule mentioned for the reason that Taylor's admission is not inconsistent with the guilt of the appellant.

The appellant slaughtered Rhodes' cow which bore Rhodes' recorded brand. She had been raised in the neighborhood. Rhodes possessed many cattle in the same neighborhood of the same brand which he had used for many years. She was in a pasture about a mile and a half from the Powers pasture. In the proffered testimony there was no description of the "five head of cattle"; nothing differentiating them from Rhodes' cattle; and no suggestion of a mistake of fact. Touching the identity of the cattle, the only theory upon which the proffered testimony could have been pertinent was that Taylor had stolen Rhodes' cattle and employed the appellant to butcher them; in other words, that Taylor was the original taker of the cattle. If it be granted that the purported declaration of Taylor tended to support such theory, it was not inconsistent with the guilt of the appellant as a principal with Taylor in the theft. If the appellant and Taylor were acting together (Taylor's part in the crime being to take the cattle and that of the appellant being to butcher and sell them for the common interest of himself and Taylor) he would have been a principal offender, though he was not

present at the time the cattle were taken. See Smith v. State, 21 Tex. Crim. App. 107.

Upon the record presented, the rejection of the testimony is not regarded as transgressing the rule asserted in Blocker's case, supra, and the others mentioned above.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an ingenious motion and argument, again insisting that he should have been allowed to prove by witness Pressler statements made to him by a man named Taylor. As we understand this record the statements so offered are urged as admissible and material upon the theory that they tended to show another than appellant to have committed the crime, if any, of theft of the cattle charged. Not only does it appear to us upon re-examination of the record that the statements sought to be proved by Pressler are not inconsistent with the guilt of the accused, but same would evidently appear inconsistent with his own defensive testimony and that of the other witnesses in the case. It is plain that appellant arranged with a witness on Friday or Saturday to sell him a cow for beef, and that appellant told said witness that the animal was his, and that the animal was butchered by appellant and delivered to said witness as the animal of appellant, and that appellant was paid direct for same. Appellant introduced a witness who said that the man Taylor, above referred to, ran a tamale plant or factory, and that this witness heard him tell appellant that he wanted him to butcher four animals on Monday for *the tamale plant* and that appellant agreed to kill them and take them to the tamale plant. The statement of Taylor which appellant desired to prove by Pressler was that Taylor told him he had employed appellant to do some butchering for him. It seems to us that the proof of such statement would in nowise aid or support or even be in line with the testimony that appellant killed the alleged stolen animal following an agreement to sell it to the party above referred to, and the further testimony that he did kill it and sell it and get the money for it. Certainly this would not be supported by any proposition that he was employed by Taylor to butcher animals for use in the tamale plant or factory.

The motion for rehearing will be overruled.

*Overruled.*