WM. H. GLENNIWINKEL V. THE STATE.

No. 12654. Delivered November 6, 1929.
Reported in 21 S. W. (2d) 514.

The opinion states the case.

*Tom Gambrell* of Lockhart, and *Tom C. Johnson, Jr.,* of San Marcos, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The Sheriff of Hays County observed appellant on the road passing him in a car. He followed him to a store in the town of San Marcos, at which point appellant stopped and parked his car. Approaching the car, the officer observed a grass sack which had something in it but he was not able to make out what it was. The Sheriff approached appellant and told him he had a search warrant and wanted to search his automobile. A search of same revealed twelve quarts and one pint of whiskey in the grass sack. Appellant said to the Sheriff: "For God's sake take this whiskey and let me off with a fine."

We are met at the outset with the proposition that the search was illegal because there was shown to be in existence neither a valid search warrant nor probable cause for the search.

The search warrant was lost and at the trial could not be produced. It was necessary for the State to produce the search warrant or in the absence of same to show the existence of a valid one by parol testimony. Skiles v. State, 2 S. W. (2nd) 436; Henderson v. State, 1 S. W. (2nd) 300. A proper predicate seems to have been laid for the introduction of parol proof of the contents of the search warrant but there does not appear in the record any evidence that such missing search warrant contained all the recitals necessary to its validity which are set out in the various articles under Title 6, C. C. P. (1925). The Justice of the Peace had no recollection of

ever issuing the particular search warrant in question. There is an entire absence of testimony that such instrument had ever been dated or signed by the issuing magistrate, as provided by Subdivision 5, Art. 316, C. C. P. The date was vitally necessary, since such a warrant is allowed to run only three days, exclusive of the day of its issuance and of the day of its execution, after which time it becomes functus officio. Art. 318, C. C. P.; Swanson v. State, 18 S. W. (2nd) 1082. The proof was lacking in other particulars but the above we regard as sufficiently indicating to the trial court the rule in such cases.

As to the existence of probable cause, it was shown on a hearing before the court that the Sheriff on two separate occasions occurring about one and two weeks next before the arrest of appellant saw the appellant drive his automobile at night without lights to the house of a Mexican woman named Elisa Vasquez in the City of San Marcos and after leaving such house, appellant drove to a store, carrying a small covered box or basket; that he had been informed by one of his deputies that this Mexican woman had told him that appellant was bringing intoxicating liquor to her house and that another person had told him several months prior to this time that he had caught appellant delivering a bottle of whiskey to his brother. Appellant lived in another county some twelve or thirteen miles distant from San Marcos. On the night of his arrest he was approaching the business section of San Marcos and before the search the Sheriff observed the grass sack in his car which contained something. He knew that he had been charged with bringing whiskey into San Marcos at different times and acting upon this information had procured a search warrant, the validity of which has been discussed above. The question of the sufficiency of this evidence to show probable cause is a close and troublesome one. An examination of the cases in this and other jurisdictions whose facts most closely approximate those of the instant one has brought us to the conclusion that the evidence in this case, though very meager, was sufficient to support the conclusion of the trial court that there was probable cause for the search. Carroll v. U. S. 267 U. S. 132, 69 Law. Ed. 543; McPherson v. State, 15 S. W. (2nd) 633, and authorities there collated; People v. De Cesare, 190 N. W. 302; Houck v. State, 140 N. E. 112.

Complaint is made of the admission in evidence of the Sheriff's testimony relating to the visit of appellant to the Mexican woman's house detailed above. There seems to have been no request to retire

the jury when this evidence was heard, the appellant apparently having in mind at the time the question of the sufficiency of the evidence to show probable cause rather than the point which he now presents, which is that the existence of probable cause when undisputed is a judicial question which should be heard by the Court in the absence of the jury. Appellant correctly contends that all the testimony recited above should have been heard by the Court in the absence of the jury under the facts of this case, and this was apparently the view of the Court since most of it was given under such circumstances. However, as presented, the matter is not reversible error. McNeal v. State, 17 S. W. (2nd) 1050, and authorities there collated.

Complaint is made that the Court failed to submit as an issue to the jury the existence of probable cause. Appellant did not testify, the facts were undisputed and no such issue was made by the evidence and the Court's action in this regard was proper. McNeal v. State, 17 S. W. (2nd) 1050.

This brings us finally to the last question which we deem necessary to discuss. As before stated, there was no issue made as to the existence of probable cause. There would have been, however, if the Court had not erroneously overruled appellant's motion for continuance and put him to trial without the testimony of the Mexican woman, referred to above, whom it is shown was regularly subpœnæd, was ill in the town of San Marcos at the time of the trial and unable to attend and whose affidavit appears in the record showing that she would testify, if present, that she never told the deputy sheriff nor any officer that appellant had been bringing whiskey to her house. If this testimony had been available to appellant, same would have made an issue to be submitted to the jury under appropriate instructions as to the existence of probable cause.

Questions not discussed are deemed to be without merit, but for the error of the Court in refusing to continue the case, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.