JOHN BORDERS v. THE STATE.

No. 12971. Delivered March 19, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 173.

The opinion states the case.

H. C. Upton of San Angelo, for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant and a peace officer passed each other in automobiles on a street in San Angelo. The officer noticed some sacks between the front and back seats of appellant's car, which, according to his testimony, he thought contained whiskey. He said he believed they contained whiskey because of the bulk, and, further, because of the manner in which they had been placed in the car. The officer turned his car around and went back after appellant. When he reached appellant's car, appellant recognized him and seized a Stillson wrench and commenced breaking the jars in the back of the car. The officer testified in part as follows: "I had the door of the car I was in open as we passed the defendant and he saw us and went to breaking it; I was standing on the running board of our car. He was breaking the jars while his car was running, and I was on my car at the time." When appellant had broken the jars he stopped his car. Whereupon the officer stepped on the running board of appellant's car and told him not to break any more. Appellant obeyed

and the officer searched the car, finding therein approximately three five-gallon jars which had been broken. A quantity of whiskey had run out into the car. The officer secured about a pint of the whiskey, which was introduced in evidence. On cross-examination, the officer testified: "I turned my car around and searched the defendant. I intended to search him because I had seen some sacks in his car and I knew from the way they set there was something in them. I did not know what was under the sacks at the time I turned around; I searched him because I saw this bulk between the seats and I figured it was a load of whiskey. I searched him on that figuring and suspicion." He said the sacks extended above the seats. Appellant offered no testimony.

The reception of the testimony touching the result of the search was opposed on the ground that the officer had no search warrant, and that the facts and circumstances detailed by him were not sufficient to constitute probable cause for a search without a warrant. We are unable to agree with this contention. The fact alone that the officer discovered bulky sacks in the automobile as he passed appellant would probably not have been sufficient to constitute probable cause for the search. Tendia v. State, 13 S. W. (2d) 849. The search had not begun until appellant began to break the jars containing the whiskey. Appellant's conduct relative to breaking the jars containing the whiskey when he recognized the officer, considered in connection with the fact that the officer had seen the sacks which he suspected from their bulk and position in the car contained whiskey, in our opinion, furnished probable cause for the search without a warrant.

Probable cause has been defined: "A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Texas 539; Battle v. State, 290 S. W. 762. Another definition is: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that an offense has been committed, it is sufficient." See Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

It is believed that the facts developed are sufficient to meet the measure of the law touching probable cause, that is, that the circumstances in possession of the officer were sufficiently strong in themselves to warrant a cautious man in the belief that appellant was transporting intoxicating liquor in his automobile.

Appellant objected to the failure of the court to define probable cause and submit to the jury the question as to whether the facts and circumstances within the knowledge of the officer were sufficient to constitute probable cause for a search without a warrant. There was no controversy as to the existence of the facts which the state claimed constituted probable cause. It is only where it becomes an issue as to the existence of such facts that the evidence should go to the jury and the issue be submitted for their determination. There being no issue as to the matter, the question as to whether the facts and circumstances were sufficient to constitute probable cause was primarily for the trial court. Weddle v. State, 16 S. W. (2d) 244; McPherson v. State, 300 S. W. 936; Glenniwinkel v. State, 21 S. W. (2d) 514.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Upon appellant's insistence that we should hold that the search of his car began at the time the officers commenced their chase of his car, we have examined the record, but are of opinion the point was properly decided in our former opinion. Without any sort of claim of search on the part of the officers, the suspicious bulk of something appeared in the touring car of appellant. Apparently observing the officers turning and following him, appellant began to break a number of containers in his car. Plainly this would furnish such reasonable ground for belief on the part of the officers, coupled with the other acts and the odor of the liquor in the broken containers, as to justify a search then made. That appellant had in his car a quantity of whisky, and that he transported it is beyond question.

The motion for rehearing is overruled.

*Overruled.*