## V. E. LEWIS v. THE STATE.

No. 14310.   Delivered November 25, 1931.

The opinion states the case.

*Thos. C. Ferguson, Ben L. King,* and *O. B. Zimmerman,* all of Burnet, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment assessed at one year in the penitentiary.

The evidence shows, as offered by the state, that peace officers went to the home of the appellant for the purpose of making an investigation as to a matter which happened prior to the commission of the alleged offense charged in this case, but when they arrived at appellant's house

they saw a Ford coupe sitting under a shed some little distance from the house and separated from the house by a fence. The state's testimony further showed that when the officers came near the automobile, the radiator was still warm and that they could smell the odor of whisky; that after they became convinced whisky was in the car they opened up the back of the car, which was a Ford coupe with a turtle back, and found therein a ten gallon keg of whisky. They testified they could smell the odor of whisky before they ever got to the car.

Appellant testified in his own behalf and accounted for the presence of the whisky in his automobile at the time by saying that on the day previous thereto, he had entered into a trade with one West, the effect of which was that West hired the automobile from appellant and gave him $10 for the use thereof. That at West's request, appellant accompanied him on a trip which carried them through Marble Falls, Johnson City, and Fredericksburg. That about dark of that day, West met some man who offered to sell him some whisky, and upon inquiry being made as to the kind or the quality thereof, he offered to let them sample it, which they did, and appellant admitted that he took a drink of the whisky. Appellant testified that on that occasion, West hijacked the man with a pistol and took the whisky from him, requiring Him to lay down on the ground, and placed the whisky in his automobile. Appellant claimed that he had nothing to do with the control, management, or possession of the whisky and what he did was entirely under duress by reason of the action and conduct of West. He did not have charge of his automobile and had rented it to West on that occasion. Appellant admitted having driven the automobile knowing that whisky was therein, and he made his entire right of defense to depend upon the fact that what he did in the premises was forced on him and not of his own free will and accord; that he was acting under duress and in truth and in fact did not of his own free will and accord aid or encourage West in the transportation thereof.

Appellant presents several bills of exception to the admitting in evidence the testimony of the officers, Klaerner, McDonald, and Heffington, as to the searching of his automobile on the ground that the search was made without a search warrant and that the testimony was illegally admitted. The testimony of the officers making the search was uncontroverted and there were no facts offered in evidence which in any way questioned the motives or acts of the officers or which raised any issue as to the existence of facts stated by them. The appellant himself admitted the liquor was found in his automobile and admitted his connection with it. The officers testified that before they ever went to the car they could smell the odor of the whisky. The officers' recital of the facts preceding the search and arrest, as heretofore detailed, was sufficiently strong to warrant a cautious person in the belief that whisky was in the

automobile and had been transported in violation of the law, and the facts constituted probable cause. Battle v. State, 105 Texas Crim. Rep., 568, 209 S. W., 762; Borders v. State, 115 Texas Crim. Rep., 35, 27 S. W. (2d) 173; Murray v. State, 115 Texas Crim. Rep., 79, 29 S. W. (2d) 354; Gordon v. State, 111 Texas Crim. Rep., 337, 12 S. W. (2d) 804; Hurst v. State, 111 Texas Crim. Rep., 245, 13 S. W. (2d) 95.

Appellant also by proper bills of exception complains of the refusal of the trial court to submit to the jury in an affirmative manner his defense. The case was submitted to the jury under the law of principals and the jury were told in effect that if they believed that West transported the whisky and the appellant was presnt and, knowing the unlawful intent of West, aided him by acts or encouraged him by words, to convict. The only defensive theory submitted to the jury by the court is contained in these words: "If you have a reasonable doubt that defendant aided by acts or encouraged by words or gestures in the transportation of the whisky in question, if there was any transportation, you cannot convict the defendant on the second count of the indictment."

Appellant contends by his bill that he was entitled to have his affirmative defense submitted and the jury told in effect that the mere presence of the accused would not be sufficient to convict, or his mere knowledge that an offense had been committed without some act on his part in aid of the principal offender, that if the jury found the appellant's only connection therewith was his presence at the commission thereof, or knowledge of the commission, and that he did not act or encourage West in the commission thereof, to find him not guilty. Special requested charges and also exceptions to the court's charge were presented raising this issue.

It is well established that the mere presence, in the absence of proof of having agreed to committing the offense, would not constitute one a principal. Section 681, Branch's Penal Code, page 347, and authorities cited therein. Mere knowledge of such matters is not a violation of law nor could it be made to abridge in any manner appellant's defense. Appellants' own testimony showed knowledge on his part of the possession and transportation of the liquor and also that he even drove the automobile under compulsion, as claimed by him, and the limitation placed on his defense by the charge of the court probably destroyed any defense he may have had and left him without any defense under the evidence whatever. We are of the opinion that the court erred in failing to submit an affirmative instruction covering the defensive theory. Where the evidence raises the defensive theory in an affirmative way, it is incumbent upon the court to submit it. Escobedo v. State, 88 Texas Crim. Rep., 277, 225 S. W., 377; Dodson v. State, 108 Texas Crim. Rep., 267, 300 S. W., 934.

The appellant objected and excepted to paragraph 3 of the court's charge for the reason that it did not define prima facie evidence of guilt

as therein used in said charge and that said section as a whole makes it appear that the court intended to instruct the jury that the establishment of a prima facie case puts the burden of proof from the state to the defendant, and in connection therewith submitted to the court a special charge explaining what was meant by prima facie evidence of guilt, which the court refused to give. On another trial of this case, the court should define what is meant by prima facie evidence of guilt.

There are several bills of exception, some of them pertaining to the refusal of the trial court to grant a continuance. We do not deem it necessary to discuss the other matters complained of by appellant as they are not likely to occur on another trial of the case.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.