## JOHN LEE v. THE STATE.

No. 16194.   Delivered January 3, 1934.
Rehearing Granted March 28, 1934.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant's car was on the street at Lampasas. He was approached by an officer. According to appellant's own testimony, while a witness,—the officer informed him that he had a warrant to search his car, and appellant said "There it is, go ahead." The officer raised up the turtle back and looked in, and said "Here is the whisky."

The officers testified that when appellant was informed that they had a search warrant for his car he said "Wait a minute, let's walk down this alley and talk this thing over." When informed that it was too late to talk now, appellant said "Well, you've got me," and "I want a chance to get rid of it." The officers further testified that appellant said "Well, don't look in it, let's drive the car wherever you want it." They drove the car to the jail where it was found to have in it eleven half gallons of whisky. Appellant had been watched by the officers for some time and they had observed him driving the car to a point some eight blocks from the square where his and another car stopped near enough to each other for a person to reach across. Other movements of appellant's car were also noted up to and until appellant parked it where it was when the officers went to it, as above referred to.

Appellant has five bills of exception. The first complains of testimony detailing the conversation between the officers and appellant, above set out. The stated objection was that no predicate had been laid for its introduction as an incident to the search of the car; no search warrant had been introduced, nor facts or circumstances amounting to probable cause for search of the car; that such conversation was incident to and part of an illegal arrest of appellant. Beyond question appellant was in possession of the car and its whisky contents at the time. It is plain that what was said and done by and between him and the officers at the time was res gestae of the offense here charged, to-wit: possession of intoxicating liquor for pur-

poses of sale and was therefore admissible in evidence. Kelly v. State, 102 Texas Crim. Rep., 395; Carrell v. State, 3 S. W. (2d) 435; Wright v. State, 13 S. W. (2d) 111; Boone v. State, 114 Texas Crim. Rep., 653.

Bill of exceptions No. 2 presents objection to testimony showing the search of appellant's car and the finding therein of whisky,—the objection being substantially the same as that above stated,—with the further objection that the statements of appellant set out and objected to in bill of exceptions No. 1 were not admissible, but if admissible furnished no ground for probable cause upon which a search might be made. We are unable to agree with appellant. The statements were admissible, and did furnish probable cause under all the definitions of that term in the authorities. In addition, we observe in appellant's own testimony, given by him while a witness in the case, the following: "In a few minutes Mr. Harvey come up and motioned to me and said 'Come here John'. I walked over to him and he says 'I have a search warrant for your car', and I says 'Yes, there it is, go ahead', and he raised up the turtle back and says 'Yes, here is whisky', and I says 'Let me explain,' and he said 'No, it is too late.'" This we think showed also search upon consent of appellant.

Bill of exceptions No. 3 complains of the introduction of a part of the conversation had between appellant and the officers, above referred to. We think all the conversation then had, admissible. So also bill of exceptions No. 4 only sets forth the same complaint, in substance, as that appearing in bill No. 2, supra, and in our judgment presents no error.

Bill of exceptions No. 5 sets out supposed error in the refusal of a continuance because of the absence of witnesses Seabolt and Kirk. Appellant was indicted in 1931 and tried in 1933. Seabolt's testimony, as set out in the application, appears to be only as to hearsay statements which should have been made to him by one Sims, the effect of which testimony was that Sims had borrowed appellant's car on the night of the alleged offense, and put whisky in it and left it there. We have had before us some cases wherein the guilt of the accused was shown only by circumstantial evidence and in which it appeared that the confession of some third party excluded the possibility of the guilt of the accused, and in these cases we have held such testimony admissible. Powers v. State, 18 S. W. (2d) 631. In the case before us appellant put on the stand a man named Cockrell, who swore that on the night in question a man came to his house in appellant's car wanting to sell whisky. Cockrell said this man was not Ed Sims, the alleged absent witness.

What appellant wanted to prove by his absent witness Seabolt is above set out. We are not impressed by the proposition that this case is one of circumstantial evidence. The further movements of appellant just prior to his arrest and statements made by him to the officers, are wholly at variance with any such proposition as that he had loaned his car to Sims, and that the latter put whisky in it without appellant's knowledge or consent. We do not think it necessary to discuss the refusal of a continuance in so far as it related to the witness Kirk.

Being of the opinion that no error appears in any of the matters complained of, the judgment will be affirmed.

*Affirmed.*

## ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The officers testified to the movements of appellant's car immediately prior to the search. It is not necessary to set out their evidence in this regard. It is sufficient to say it did not show probable cause to authorize the search of the car, and if such cause did exist it was because of what appellant said to the officers—according to their testimony—immediately preceding the search.

The following statement in appellant's motion for rehearing has challenged our attention: "We agree that the statements sworn to by the officers purporting to have been made by appellant would constitute probable cause if the same had not been denied by the appellant, but when he denied all of the material statements made by the officers it then became an issue of fact and should have been submitted to the jury."

Mr. Long, (a deputy sheriff) on direct examination, testified that he and Harvey (the sheriff) approached appellant and that the sheriff said to appellant: "I have a search warrant for your car," and that appellant replied, "Wait a minute, let's walk down this alley and talk this thing over;" that the sheriff said, "It is too late to talk now," and appellant said, "Well, you got me, I want a chance to get rid of it. * * * Well, don't look in it, let's drive the car wherever you want it." Mr. Harvey testified that the conversation was as follows: "I said 'I have a search warrant for your car' and he says 'I want to talk to you about it, I want a chance to get rid of it' and I said 'No, it is no use' and he said 'You have got me, it is no use to search.' I raised up the back end of the car there after he said 'You got me,' and he says 'You needn't look.'" The sheriff then looked in the back of the car and saw two boxes, the contents of which was found to be whisky after the car had been driven to the jail.

Appellant's defense was that he had loaned his car to one Sims a short time before the search; that no whisky was in the car when Sims got it, and that appellant had no knowledge that Sims intended to or had placed any whisky in the car. Appellant's version on direct examination of the conversation between him and the officers is as follows: "Mr. Harvey come up and motioned to me and said 'come here John.' I walked over to him and he says 'I have a search warrant for your car' and I says 'yes—there it is, go ahead' and he raised up the turtle back and says 'yes, here is whisky' and I says 'let me explain' and he said 'no, it is too late.' I do not know whether the car had whisky in it. I do not remember that I told the sheriff not to look in my car. I says 'all right, there it is' and he walked around and raised the turtle and says 'yes, here is whisky' and he says 'let's go' and I said 'give me a chance to explain this' and he said 'no, it's too damn late.' That conversation all took place after he told me he had a search warrant and when he said that I said 'all right, there it is.' I did not tell them that they need not search the car—I didn't say anything like that."

On cross examination appellant testified: "Jack Long and A. R. Harvey did not state to me before they made a search of the car that they had a search warrant to search my car and that I then said 'you have got me, there is no use to search it' or words to that effect—I remember no such conversation at all. That did not happen that I remember anything about; he says 'I have a search warrant for your car' and I says, 'yes, there it is.' I did not say to Harvey and Long 'let's walk down this alley to talk that over'; if anything was said like that I have no recollection of it; the only thing I remember about it is when Harvey said 'I have a search warrant.' I did not say 'let me get rid of this.' I did not say 'don't look in the car, you have got me' —nothing like that; he looked in the car as soon as he said he had a search warrant."

It does not appear from the record that the officers in fact had a search warrant, but only that they told appellant they had one. It is certified as a fact in bill of exception No. 1 that the State had not introduced any search warrant, but was relying upon probable cause for the search of appellant's automobile.

After the officers had told appellant they had a warrant to search his car, if he said to them, "Go ahead," it could not be held that he had thereby consented to the search. Hall v. State, 105 Texas Crim. Rep., 365, 288 S. W., 202; Dixon v. Sate, 108 Texas Crim. Rep., 650, 2 S. W. (2d) 272; De Aguirre v. State, 7 S. W. (2d) 76; Monroe v. State, 110 Texas Crim. Rep., 274,

8 S. W. (2d) 133; Jordan v. State, 111 Texas Crim. Rep., 83, 11 S. W. (2d) 323.

It is apparent from the evidence of the officers and appellant set out above that there was a conflict in their testimony as to what was said by appellant after being told by the officers that they had a warrant to search his car. A sharp issue was raised as to whether the facts existed which were claimed by the State to constitute probable cause. It has been the uniform holding in our decisions that whether probable cause existed for the search of an automobile was a question primarily for the court, but if the existence of the facts claimed to constitute probable cause is controverted, it then becomes an issue for the jury under appropriate instructions. Hall v. State, 105 Texas Crim. Rep., 365, 288 S. W., 202; McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936; Gordon v. State, 111 Texas Crim. Rep., 337, 12 S. W. (2d) 804; Hepworth v. State, 111 Texas Crim. Rep., 300, 12 S. W. (2d) 1018; Hurst v. State, 111 Texas Crim. Rep., 245, 13 S. W. (2d) 95; Weddle v. State, 112 Texas Crim. Rep., 250, 16 S. W. (2d) 244; McNeal v. State, 112 Texas Crim. Rep., 533, 17 S. W. (2d) 1050; Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Filpot v. State, 114 Texas Crim. Rep., 278, 26 S. W. (2d) 202; Glenniwinkel v. State, 114 Texas Crim. Rep., 188, 21 S. W. (2d) 514; Borders v. State, 115 Texas Crim. Rep., 35, 27 S. W. (2d) 173; Maxwell v. State, 51 S. W. (2d) 334.

The failure of the court to submit to the jury the issue of probable cause was pertinently called to the court's attention in the second paragraph of appellant's written objections to the charge as follows: "The defendant objects and excepts to the Court's charge because it does not submit to the jury under appropriate instructions for their determination the issue of probable cause because there are controverted issues of the fact relating to the question of probable cause making it necessary that this issue be submitted to the jury for their determination, for the reason that the evidence of the officers, before beginning the search, shows that the only information they had was that the defendant had driven to two different points in town in his car and that they had no knowledge that it had liquor in it at any time, and the evidence shows that the movements of said car were not unusual, and because the evidence as to the conversation taking place after the defendant was informed that the officer would search his car under a search warrant, was not admissible on the issue of probable cause and if the same was admissible said statements were disputed by the defendant,

and it therefore becomes an issue of fact to be determined by the jury as to whether or not probable cause existed at the time of the beginning of the search."

In addition to the foregoing objections, appellant requested a special charge on the same subject designed to supply the omission complained of.

Under the facts presented appellant was entitled to have the issue submitted to the jury, and the court ought to have supplemented his charge to meet the objection.

The motion for rehearing is granted, the order of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*