### Rayburn Morris v. The State.

No. 16179.    Delivered January 10, 1934.
Reported in 67 S. W. (2d) 300.

The opinion states the case.

*F. A. Dale*, of Bonham, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully transporting intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The facts adduced upon the trial are substantially as follows: On the 10th day of February, 1933, the sheriff of Fannin County, in company with two of his deputies, proceeded to the home of Mac Kincaid with a view of searching his premises for intoxicating liquor. They also had a search warrant to search the automobile of the defendant. While on their way out they met two cars; one passed and the car in the rear, which was that belonging to the defendant, stopped and began backing down the road and slid off in the ditch. When the sheriff got out of his car and started toward the car of the appellant, Mac Kincaid, who was in the car with the appellant, jumped out and ran across a field, while the defendant threw the door open,

pulled his hat off, and said, "There it is," pointing to a carton of fruit jars with whisky in them. The sheriff testified that he could smell the whisky as he walked toward the car; that part of the top of the carton was wet and going to pieces and they had to handle it carefully to hold it together. The sheriff further testified that when he saw the appellant in town that morning he did not see anything to make him believe he had any liquor; that he never did see any liquor in the appellant's car prior to that time and did not see any liquor until he caught him out there; that he had no reason in the world to believe there was any liquor in the car except his suspicions and that was based upon the actions of the defendant, seeing him drive around in a new high powered car and he was apparently without any visible means of support and he figured that was what he was doing. He further testified: "I guess he could have turned but it didn't seem that he was making much of an attempt to turn. He just backed down the road and the car slipped off. The ground was frozen with ice and snow and he slipped off on the west side of the road which left him sitting on the side of the car next to me and I got out of my car and went down to where he was and when I walked up the defendant threw the door open and said, 'There it is.'"

The deputy sheriff testified to substantially the same facts as the sheriff.

The appellant testified in his own behalf as follows: "I saw Mac Kincaid about 7 P. M. I saw him again about 8:30 or 9 o'clock the same night, that is, on the night before my arrest. The second time I saw him he asked me to take him home that night as his folks were sick. I did not take him home that night. The next morning about 8:30 I picked him up about a block from the southwest corner of the square. When we got about a quarter of a mile to the edge of the creek bottom he, Kincaid, said, 'Wait a minute.' He said he had a box of empties out there he wanted to get and take them home. I stopped and remained sitting in the car while he went up across the bottom there somewhere and came back to the car with a box in his hand. I asked him what he had in that and he said, 'Nothing but a box of empties.' When we were near the barn of Kincaid and went to turn in to the barn, I had driven a little too far so I started to back up. I looked up in front and saw the officers jumping out of the car and come running at me. Mr. Chaffin, the sheriff, came on my side of the car and the other men ran on the other side. Mr. Chaffin hollowed to them to stop Kincaid who was going across the field. They

then went ahead and searched the car and when they got through they said, 'Let's go.' "

Mac Kincaid testified to substantially the same facts that the appellant testified to except that he denied going to the creek bottom and getting the carton containing the liquor. He said that the appellant went down to the creek bottom and came back with the carton of liquor and put it in the car; that the appellant had sold the whisky to him and was to deliver it to his, Kincaid's, house.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the state to prove by the sheriff and his deputies that they found a carton of half-gallon fruit jars of whisky in the appellant's car at the time of his arrest. Appellant objected to the testimony for the reason that no authority for searching said automobile existed nor did probable cause exist and that said search was in violation of the Constitution of the United States and of this state. We do not believe that the appellant's contention is well taken for the reason that before the sheriff ever undertook to search the car the appellant got out of his car, opened the door, and told the sheriff, "There it is," pointing to the place in the car in which the whisky was located. The testimony further shows that the carton was wet from the liquor and the sheriff smelled it before he ever came to the car. We believe that under such state of facts there was no need for a search warrant and the testimony was clearly admissible, and in support of our views we refer to the case of Hurst v. State, 13 S. W. (2d) 95.

By bills of exception Nos. 2 and 3 the appellant complains of the action of the trial court in permitting the state on cross-examination of the defendant to ask him if he was the same Rayburn Morris who was indicted by the grand jury last October for transporting and possessing intoxicating liquor for the purpose of sale and if he was the same Rayburn Morris who was indicted three times during Fred Rogers' administration as county attorney, to which the defendant objected because the same was prejudicial and a separate transaction, if any, which objection was overruled and the defendant was required to answer that he was indicted in October but did not remember how many times he had been indicted during Fred Rogers' administration. We believe that the testimony was admissible on the issue of defendant's credibility as a witness and the weight to be given to his testimony, and therefore overrule appellant's contention.

By bill of exception No. 4 the appellant complains of the closing argument of the county attorney in which he employed

the following language: "They have one in the wholesale business here and possibly another in the retail business. You have a wholesaler delivering whisky to a retailer. There is a wholesaler and over there is a retailer. Rayburn Morris stopped out here where he says he lives. No family lived with him; just out here at a little old closed filling station on the highway, driving a big high powered new car; got plenty of time and plenty of money. If you want to get the big shots give the gas to him. He is transporting it in the wholesale by the case, stashing it out on the highway in the weeds. The wholesalers delivering to the retailers," to which argument the appellant objected for the reason that the same was inflammatory, prejudicial, improper, untrue, and made with the intention of prejudicing the jury against him, which objections were overruled. It appears to us that the argument in the main is based upon facts proven upon the trial and that said argument was a reasonable deduction from all the facts and circumstances proved. The appellant had a carton of half-gallon fruit jars of whisky in his car which he was in the act of delivering to Kincaid's home. This would justify the county attorney in referring to the appellant as a wholesaler; that he lived at a little old closed filling station on the highway by himself is supported by the evidence; that he was driving a high-powered car is also supported by the evidence; that he had considerable money is a reasonable deduction from the fact that he was driving a new high-powered car; that he was hiding out liquor along the highway in the weeds is also justified from the testimony adduced. Hence, we are led to the conclusion that the argument of the county attorney was fully justified.

By bills of exception Nos. 5 and 6 the appellant complains of the action of the trial court in overruling his motion for a new trial and in not granting him a new trial upon the misconduct of the jury. The county attorney took issue with the appellant on the alleged misconduct of the jury and there was testimony offered, both by the defendant and the state, as to the alleged misconduct of the jury. The court having heard and considered the same found that there was not any misconduct on the part of the jury which would justify the granting of a new trial, we have carefully reviewed the record and have reached the same conclusion.

Finding no reversible error, the judgment of the trial court is in all things affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.