## PERRY GOBER V. THE STATE.

No. 17069. Delivered November 21, 1934.
Reported in 76 S. W. (2d) 518.

The opinion states the case.

*Hamilton & Fitzgerald* and *Allen C. Grundy,* all of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The evidence offered by the State shows that a car of flour was sent by the American Red Cross Relief Association to Memphis, Texas, consigned to Mr. A. Baldwin, local agent of the Red Cross. The car was placed on a side track, commonly called the team track, of the Fort Worth & Denver City Ry. Co. on the 25th day of May, 1933. On the morning of the 26th of May, the car was opened at Mr. Baldwin's instructions and under his direction some of the flour was taken out and distributed among the needy. At about 5 P. M. on said day, Mr. Baldwin requested the agent of the railroad company to close the car and to seal it, which he did. During the night, about 11 P. M., the chief of police at Memphis, Texas, heard some parties talking at or near the car. He went to see who they were and what they were doing and he found the car door open, the appellant standing at the side of the car door and Eulane Martin in the car; that Martin had placed two sacks of flour on the

appellant's shoulders. He, the chief of police, made them put the flour back into the car. He then arrested both Martin and the appellant and placed them in jail. The chief of police did not see anyone open the door and did not know who opened it. The appellant testified in his own behalf as follows:

"I was present there at the box car. I came to town the evening before that happened. I have lived here practically all of my life. I got to Memphis at about 4 o'clock on the evening before this occurrence. I had been in St. Paul, Minnesota, and I came home to see my mother. During that day I had been riding around on a truck. I knew most everybody in town. I knew Curtis Huckaby. I have known him ever since we were schoolboys. He drives a truck here and we rode around and drank a little. I stayed with Curtis all day up until 10:30 that night. We went out to the fair grounds. After we got to the fair grounds I met Eulane Martin and he and I got in Huckaby's truck and went to this box car after some whiskey. I thought there was going to be some whiskey there but when I got over there, there wasn't any whiskey. When we got to the box car the door was open. I did not get any flour out of the car. I stood out there by the side of the box car and never did go inside the car. Eulane got in the car. I didn't get any flour out of the car. I didn't know who opened the car."

By bill of exception No. 5 the appellant complains of the action of the trial court in declining to permit him to give the following testimony:

"I saw Eulane Martin just as Huckaby and I went into the fair grounds. He said, 'Let's go and get some whiskey.' I said, 'All right.' I asked Eulane what was in there and he said, 'Flour.' I said, 'We can't use that.' He said, 'We can trade it for whiskey.' He said, 'I have already traded some for whiskey,' and he further said that he had already been up there about 7:30 or 8 o'clock that evening and left the door open. I said, 'We can't do that.' He said, 'Oh yes we can,' and about that time Mr. Huddleston, the chief of police, came up."

The appellant contends that this testimony is offered as a part of the res gestae and for the purpose of showing his innocent intent in going to the car and how he became involved in the transaction. The ground of the State's objection was that any conversation between the appellant and Eulane Martin, a co-defendant, would be inadmissible. We believe that the court committed error in excluding the testimony, in this, that the excluded testimony was admissible as part of the res gestae. It is clear that declarations which are the immediate accompa-

niments of an act are admissible as part of the res gestae. It seems to be indispensable to a correct understanding of every transaction that every act, verbal as well as physical, by whomsoever it may be committed, be placed before the court for its enlightenment. The State by its testimony had placed the appellant at the scene of the alleged offense as a criminative circumstance to connect him with the offense of which he stood charged, but denied him the right to explain why he was at the scene of the crime of burglary, and to show his innocent intention in being there and what motive induced him to go to the car. Under the terms of article 728, C. C. P., and the authorities in this State construing that statute, we think the testimony of the appellant should have been admitted. By the terms of the statute cited, wherever the acts, declarations, conversations, etc., are put in evidence by one side, acts, declarations, etc., by the other side which explain the testimony already introduced are admissible. In support of the views herein expressed we refer to the case of Irby v. State, 25 Texas App., 203; Simmons v. State, 31 Texas Crim. Rep., 227, 20 S. W., 573; Carter v. State, 165 S. W., 200; Moehler v. State, 265 S. W., 553.

Bills of exception 6 to 9, both inclusive, complain of the action of the trial court in permitting the district attorney upon cross-examination of the appellant to elicit the fact that appellant had theretofore, since the year 1923, been convicted in the State of California of the offense of forgery, violation of the liquor law, and for giving a hot check. If these offenses were felonies under the law of California, then it was proper for the court to permit the introduction of said testimony for the purpose of affecting the credibility of the witness. In the absence of a showing that the same were not felonies, the presumption prevails that the law of a foreign state is similar to the law of the state in which the appellant is on trial. That being true, the offense of forgery and the offense of violating the liquor law being felonies under the laws of the State of Texas, the court did not err in admitting same.

The appellant in due time filed his objections to paragraph 6 of the court's charge and to the charge as a whole because nowhere in said charge are the jury informed that the presence alone of appellant at the scene of the crime is not sufficient to warrant his conviction as a principal offender. From an inspection of the court's charge, it is apparent that the court failed to affirmatively instruct the jury on the appellant's defensive theory and failed to instruct them that the mere pres-

ence of the accused at the scene of the crime, or his mere knowledge that an offense had been committed, would not be sufficient to constitute him a principal, unless it appeared that by some act on his part he aided or encouraged the principal offender in the commission thereof. That appellant was present and aided Martin in breaking open the door to said box car can only be inferred from his presence at the time they were taking flour from said car because there is no other testimony in the record that he was present when the door of the car was opened, nor is there any other testimony that he had previously agreed with Martin to the commission of the crime of burglary. He denied that he was present or had anything to do with opening the car door. He said the car door was open when he reached the car and that Martin told him he had been to the car at about 7:30 or 8 o'clock, opened the door to said car, and took out several sacks of flour which he traded for whisky. At the time they were apprehended the appellant and Martin did not get away from the car with any flour, yet when a check was made the next day it revealed the fact that seven sacks were missing. This tended to corroborate the truth of the statement which appellant claimed Martin had made that he had broken the door of said car, had taken several sacks of flour from same and traded them for whiskey before appellant was ever at the car. See Lewis v. State, 44 S. W. (2d) 375; Jackson v. State, 20 Texas App., 190; Harris v. State, 15 Texas App., 629.

In view of the disposition we are making of this case, we do not deem it necessary to discuss the errors complained of in bills of exception Nos. 10 and 11 as they may not arise again upon another trial.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.